SMITH, Appellant, v. GILBERT YARDS, et al, Respondents

(16 N. W.2d 912.)

(File No. 8683. Opinion filed December 21, 1944.)

**C. R. Jorgenson,** of Watertown, for Appellant.
**Hanten & Henrikson** and **D. K. Loucks,** all of Watertown, for Respondents.

RUDOLPH, J. In the year 1943 the plaintiff was a tenant in an apartment house or building owned by the defendants. In February 1943 a fire occurred in the building and damaged and destroyed certain personal property belonging to the plaintiff. The plaintiff brought this action to recover the value of the property destroyed and damaged and based his right of recovery upon the alleged negligence of the defendants, which it is claimed caused the fire. The facts disclose that the apartment building was heated by an oil burner located in the basement. The oil burner was in the exclusive control and management of the defendants and was used not only to heat the apartment of the plaintiff but several other apartments in the building. In addition to the oil burner used for heating the apartments there was a separate oil burner used for heating the water furnished to the several tenants in the building. This hot water heater was located a short distance from the furnace and was supplied with oil

from the same tanks that supplied the furnace. The supply tanks consisted of two separate tanks each with a capacity of 275 gallons and these tanks were located in the basement several feet from the furnace. When originally installed there was a iron vent pipe leading from the tanks through the outside wall. The purpose of this vent pipe was to permit air to escape from the tanks when they were being filled with oil. It became necessary, however, following the installation to make a change in the location of this vent pipe and this change was made by the janitor or caretaker of the building. The caretaker removed the iron pipe that had originally been installed and substituted therefor a "piece of garden hose" which he extended through the outside wall so that the hose opening was on the outside of the building. The plaintiff introduced evidence tending to show that the outside location of this hose was such that it was subject to become and did become filled with snow and ice which clogged it and defeated the purpose for which it was installed. Plaintiff's evidence also showed that if the vent became clogged oil pumped into the tanks would be apt to be forced through the burner or escape at some other point. Defendants introduced evidence to the effect that the vent pipe was not clogged, that its method of installation did not cause the fire, and that even if clogged, oil could not be forced through the burner. The fire started at the time the oil was being placed in the tanks. The tanks were being filled with oil from a delivery truck tank which was equipped with a pump to force the oil into the tanks. The man who was making the delivery testified that he proceeded to pump the oil from one compartment of the truck into the storage tanks and then went into the basement and observed more oil was needed and proceeded to pump the contents of a second compartment into the tanks. After observing the tanks a third time he proceeded to pump oil from a third compartment in the truck and had pumped 40 or 50 gallons from this compartment when he again went to the basement and observed fire coming out of the furnace door. The fire chief testified that he observed oil burning on the basement floor near the furnace. The caretaker of the building, together with his wife, occupied an apartment in the base-

ment. This caretaker did not stay in the building during the working hours of the day and his wife, who shortly before the fire had been washing in the basement, left the building before the fire occurred.

The trial court submitted the case to the jury, under instructions which advised the jury that if the defendants were negligent in maintaining and operating the heating system, and this negligence, if found, caused the fire, then the verdict should be for the plaintiff. The jury returned a verdict for the defendants and the plaintiff has appealed.

The appellant principally complains because of the failure of the trial court to instruct the jury as requested by his requested instruction No. 3 that negligence of the defendants could be inferred from the occurrence of the fire itself. Appellant contends that the exclusive management and control of the furnace was in the defendants, that the occurrence of the fire was such that in the ordinary course of affairs does not happen if due care has been exercised, and the doctrine of res ipsa loquitur should apply.

■■ This court held in the case of Lezotte v. Lindquist, 51 S. D. 97, 212 N. W. 503, that, with certain exceptions not here material, the destruction of property by fire does not raise a presumption of negligence either in the kindling or management of the fire, and that the doctrine of res ipsa loquitur did not apply. In accord with the holding in that case the court here instructed the jury that the fact of the fire raised no presumption of negligence on the part of the defendants. However, the court further instructed the jury that the fact of the fire was evidence which might be considered with all other facts and circumstances in the case upon the question of negligence. The instructions, we believe, fairly submitted the case to the jury. Plaintiff's proof included not only proof of the fire itself, but included facts tending to show defendants' negligence, which made applicable the general rule that negligence can be proved by circumstantial evidence. It was upon this basis that the case was submitted to the jury, and the jury by its verdict clearly found that the facts adduced by plaintiff were insufficient to establish defendants' negligence. If plaintiff desired more explicit instructions on the question of the proof of negligence

by circumstantial evidence, a request should have been made for such instructions. In the absence of such request, and in view of the fact that the court did advise the jury as above set out, we are convinced that there was no error which would justify a reversal of the judgment.

The rule that one who alleges negligence must prove the fact is so well established that no supporting authority is required for its statement. And such is the rule even where the doctrine of res ipsa loquitur applies. 38 Am. Jur., Negligence, Sec. 311. It follows that appellant's complaint about the court's instructions that the burden of proof was upon the plaintiff is without merit.

We have carefully considered all assignments of error, and are of the opinion that no prejudicial error is pointed out. We believe the court properly instructed the jury with reference to the duty owing the plaintiff by defendants, and find no material difference in the court's instructions on this issue and the instructions requested by appellant. The case was fairly tried, fairly submitted to the jury and the verdict must be final.

The judgment appealed from is affirmed.

All the Judges concur.