FOURNET, Justice.
 

 This suit was instituted by the owners of a building located at 1036-1040 Tchoupitoulas Street in the City of New Orleans against their lessee, the T. S. C. Motor Freight Lines, Inc., to recover damages for the destruction of the building by fire and is now before us on an appeal taken by the plaintiffs from a judgment of the district court dismissing the suit on the ground that plaintiffs’ petition failed to disclose a cause or a right of action.
 

 According to the allegations of the petition, which must be accepted as true for the purpose of disposing of the exceptions, the building, which was leased by the plaintiffs'under a written contract covering a twelve-month period, was used by the defendant as a freight terminal and storage place, the rear portion thereof, covered by a concrete floor and having a gasoline tapk installed in the ground thereunder, being used as a repair shop for the upkeep of the automobiles and trucks used by the defendant in the operation of its business. It is alleged that as the result of the negligent accumulation of grease, oils, and gasoline, as well as rags saturated with these materials, on the concrete floor, a fire started in the rear of the building about midnight on September 19, 1937, “with such violence that the flames reached the wooden rafters, thirty feet overhead, which flames consumed said rafters, sheeting, and the built up paper roof, consuming the entire roof before they could be extinguished by the Fire Department of the City of New Orleans” ; further, “that the fire extinguishers of defendant had been locked up, and were inaccessible to the boy” employed to stand night watch.
 

 The basis of defendant’s exceptions is that plaintiffs do not allege in their petition that any specific'act of the defendant was the proximate cause of the fire.
 

 The plaintiffs, relying on the holding in the case of Jones v. Shell Petroleum Corporation, 185 La. 1067, 171 So. 447, contend that the doctrine of res ipsa, loquitur applies to this case, requiring the defendant to absolve itself from liability by showing that the fire was not the result of any negligent act on its part or on the part of any of its agents or employees.
 

 Under the express provisions of Article 2723 of the Revised Civil Code, a lessee “can only be liable for the destruction occasioned by fire, when it is proved that the same has happened either by his own fault or neglect, or by that of his family,” and in this state, unlike in France, the plaintiff has the burden of proving that the property was lost through the negligence of the lessee. See Poydras Fruit Co. v. Weinberger Banana Co., 189 La. 940, 181 So. 452.
 

 In the case of Jones v. Shell Petroleum Corporation, supra [185 La. 1067, 171 So. 449], this court held that the doctrine of res ipsa loquitur applies “Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its man
 
 *398
 
 agement or control use proper care, it affords reasonable evidence, in absence of explanation by defendant, that the accident arose from want of care/’ the court reasoning that since the facts causing the injury were “peculiarity within the knowledge of defendant and not equally accessible to plaintiff,” the burden was on the defendant to explain the cause of the accident if he desired to escape from the inference of negligence thus made out. In that case, Jones leased premises owned by him to the Shell Petroleum Corporation for use as a filling station and it was while one of the corporation’s employees was in the act of transferring gasoline from one of its trucks to the underground tank in the station, that the fire began.
 

 The facts in the instant case are in no way similar to those in the Jones case. Here the fire occurred about midnight, at a time when the building was closed and the defendant’s employees, with the exception of the boy employed to stand watch, were nowhere in the vicinity. Plaintiffs do not in their petition allege what caused the fire, nor do they allege any facts from which an inference might be drawn that the fire was caused by some negligent act on the part of the defendant, its agents or employees; much less do they allege facts “peculiarly within the knowledge- of defendant and not equally accessible” to the plaintiffs requiring an explanation by the defendant in order that it might be absolved of negligence.
 

 For the reasons assigned,, the judgment of the lower court is affirmed, at appellant’s cost.