IMPLEMENT DEALERS MUTUAL FIRE INSURANCE COMPANY, Appellant, vs. GOLDEN and another, Respondents.*

*September 6—October 3, 1950.*

---

* Motion for rehearing denied, with $25 costs, on December 5, 1950.

*Joseph G. Hirschberg* of Madison, for the appellant.

*Richard R. Rynders* of Madison, and *Lloyd A. Schneider* of McFarland, for the respondents.

Hughes, J.   Plaintiff's theory in the trial court and here is that no proof of active negligence on the part of the defendants was essential to the right to recover.   It contends that since defendants were in control of the building at the time the fire occurred they are responsible for the loss under application of the rule of *res ipsa loquitur*.

The jury found that the defendants were not in exclusive control of the building.

Plaintiff relies upon *Dehmel v. Smith* (1930), 200 Wis. 292, 295, 227 N. W. 274, and *Koehler v. Thiensville State Bank* (1944), 245 Wis. 281, 14 N. W. (2d) 15.   The *Dehmel Case* was an action for the recovery of damages resulting to one of plaintiffs while a passenger in an elevator when it came to an abrupt stop with a violent jerk.   The court there said:

"The case is one in which the doctrine of *res ipsa loquitur* applies.   The proof that Mrs. Dehmel was injured by the unusual descent of the elevator 'raised a presumption of negligence on the part of the defendant, and cast upon it (him) the burden of showing that it (he) took all the precautions to safeguard those whom it (he) carried which the law required it (him) to take.'   The elevator is a common carrier of passengers, and the degree of care and skill required for the safety of its passengers in its operation and maintenance was the highest 'reasonably to be expected from human vigilance and foresight in view of the character of the conveyance and consistent with the practical operation of the business.'   *Dibbert v. Metropolitan Inv. Co.* 158 Wis. 69, 147

N. W. 3. Under these rules the defendant had the burden of proving performance of its duty respecting inspection and repairs, which it successfully bore, and of proving either that the operator of the elevator used due care and skill,—that is, that he did not do anything that caused or failed to do anything that would have prevented the drop,—or that the dropping was beyond the power of the operator to prevent by the exercise of due care and skill."

As pointed out by the trial court, the jury found defendants were not in exclusive control of the building. If they had been, it is difficult to understand how that fact alone could make applicable the doctrine of *res ipsa loquitur*. It is frequent that the origin of fires cannot be determined. Sometimes it is possible for fire-department inspectors to determine that defective wiring caused a blaze. At other times, when such was the cause, and the damage great, it is impossible to determine the cause. If *res ipsa loquitur* were to apply, every tenant in exclusive possession of a building would be an insurer of the building unless he could ascertain the cause of each fire loss.

The jury found that the defendants' employee did not light a match and was not negligent in the use of his hammer and chisel. It is entirely possible that with careful use of a chisel it might strike a small stone or other hard substance imbedded in the plaster and cause a spark which could have ignited the gas. Plaintiff had the burden of proving defendants' negligence. It failed to convince the jury.

The trial court correctly held that the doctrine of *res ipsa loquitur* did not apply and that the defendants were entitled to judgment on the verdict.

*By the Court.*—Judgment affirmed.