MIRIAM FRANCIS DODGE, appellant, v. G. C. MCFALL et al., appellees.

No. 47791.

(Reported in 45 N.W.2d 501)

JANUARY 9, 1951.

Leslie E. Francis and C. S. Missildine, both of Des Moines, for appellant.

Comfort, Comfort & Irish and Ray Uhl, all of Des Moines, for appellees.

OLIVER, J.—Plaintiff owned the premises known as Avon Lake upon which was a dance hall. The building was of frame construction and consisted of the dance hall proper with tables, booths and bar, and a connecting room used in the sale of tickets and for toilets. The dance hall was heated with a furnace, the other room with a stove. Plaintiff leased this property to Amvet Post No. 36 of Carlisle, Iowa, for the term of one year from May 15, 1948. The post went into possession of the premises, using the building for a public dance once each week, for post meetings twice per month, and on several occasions renting it to others. November 4, 1948, the building was destroyed by fire. Thereafter, plaintiff instituted this action for damages against individual members of the post alleging they were liable as part-

ners in the enterprise and that they and their agents and representatives negligently caused the building to be burned to the ground. At the conclusion of the evidence for plaintiff the trial court sustained defendants' motion for directed verdict. From the resulting judgment against her, plaintiff has appealed.

The order directing the verdict recites it is based "mainly on the proposition raised in said motion to direct, that no negligence has been proven against the defendants, or any of them, such as to justify the court in submitting this case to the jury." The evidence concerning the destruction of the building showed only that plaintiff's father, who was her agent, read about the fire in a newspaper the morning after it occurred, "went down there and the building was completely burned."

Plaintiff pleaded general negligence only and relies wholly upon the doctrine of res ipsa loquitur.

Eaves v. City of Ottumwa, 240 Iowa 956, 969, 38 N.W.2d 761, 769, 11 A. L. R. 2d 1164, 1176, states:

"Under this doctrine, where injury occurs by instrumentalities under the exclusive control and management of defendant and the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used, the happening of the injury permits but does not compel an inference that defendant was negligent." -

To entitle a plaintiff to the benefit of the doctrine of res ipsa loquitur he must establish the way the injury occurred as well as defendant's control of the instrumentalities involved. See article by Harry B. Slife in 35 Iowa Law Review 393 et seq., and authorities cited. No presumption of negligence arises from the mere fact of injury to the plaintiff, although it may arise from the nature of the cause or the manner of the injury. Cahill v. Illinois Central Ry. Co., 148 Iowa 241, 246, 125 N.W. 331, 28 L. R. A., N. S., 1121.

Orr v. Des Moines Elec. L. Co., 207 Iowa 1149, 1155, 222 N.W. 560, 562, states: "* * * the doctrine of res ipsa loquitur does not raise any presumption as to what did occasion the injury; but, after the evidence has established the thing which did occasion the injury, then, under certain circumstances, this doctrine will raise a presumption of negligence."

In the language of Monaghan v. Equitable L. Ins. Co., 184 Iowa 352, 355, 356, 168 N.W. 892, 893:

"But that certain evidence will raise a presumption of negligence does not in the least tend to establish that there is such evidence. And presumption warranted by the existence of certain facts is no evidence of the existence of such facts."

Highland Golf Club v. Sinclair Refining Co., D.C. N.D. Iowa, 59. F. Supp. 911, 914, states: "The inference arises from the foundation facts, the inference does not supply the foundation facts from which it arises."

The Highland Golf Club case was an action to recover for the loss of a building by fire allegedly resulting from the negligence of defendant's servant in connection with delivering gasoline. The court (Judge Graven) held the proof of the foundation facts insufficient to make the doctrine of res ipsa loquitur applicable, noting, among other things, the absence of evidence that the fire started where the gasoline was. The decision states also at page 919: "The courts recognize that fires are frequent occurrences and in a great many cases without any negligence on the part of anyone. Because of this, the doctrine of res ipsa loquitur is applied only in exceptional cases in the cases of fires."

65 C. J. S., Negligence, section 220(12), page 1038, states:

"Although, as a general rule, the mere occurrence of a fire with resultant injuries does not raise a presumption of negligence either in the kindling or the management of the fire, and the doctrine of res ipsa loquitur is ordinarily held inapplicable at least in other than exceptional instances, the doctrine has been held to apply where the circumstances under which the fire originated and spread are such as to show that defendant or his servants were negligent in connection therewith."

To the same effect is a statement in 22 Am. Jur., Fires, section 78, page 644.

■■ The following decisions support the proposition that the mere occurrence of a fire with resultant injuries does not permit an inference of negligence: Le Zotte v. Lindquist, 51 S. D. 97, 212 N.W. 503; Smith v. Gilbert Yards, 70 S. D. 246,

16

16 N.W.2d 912; Grand Rapids & Indiana Ry. Co. v. L. Starks Co., 172 Mich. 270, 137 N.W. 551, Ann. Cas. 1914C 632; Menth v. Breeze Corporation, 4 N. J. 428, 73 A.2d 183; Edmonds v. Heil, 333 Ill. App. 497, 77 N.E.2d 863, 870; Hendricks v. Weaver, Mo. Sup., 183 S.W.2d 74; Kapros v. Pierce Oil Corp., 324 Mo. 992, 25 S.W.2d 777, 78 A. L. R. 722; Watenpaugh v. L. L. Coryell & Son, 135 Neb. 607, 283 N.W. 204; Texas Hotel Co. v. Cosby, Tex. Civ. App., 131 S.W.2d 261; Emigh v. Andrews, 164 Kan. 732, 191 P.2d 901.

In Munger v. Beiderwell, 155 Kan. 187, 124 P.2d 452, a landlord brought action against a tenant to recover damages for the burning of a barn. Plaintiff did not claim to know the cause of the fire and alleged no facts or circumstances connected with it or that any instrumentalities of any kind were employed by defendant which could justify the application of the doctrine of res ipsa loquitur. Hence, the doctrine was held inapplicable. Loque v. T.S.C. Motor Freight Lines, 200 La. 393, 8 So.2d 66, and Rountree v. Thompson, 226 N. C. 553, 39 S.E.2d 523, were also actions by landlords against tenants for the alleged negligent burning of leased property, in which the doctrine of res ipsa loquitur was held inapplicable. See also 32 Am. Jur., Landlord and Tenant, section 783, page 669.

The authorities relied upon by plaintiff do not disagree with the rule that the occurrence of a fire in and of itself is insufficient to permit an inference of negligence so as to make applicable the doctrine of res ipsa loquitur. Most of them are cited in 45 C. J., Negligence, section 771(c), page 1204, or 65 C. J. S., Negligence, section 220(12), page 1038. They are cases in which the circumstances shown in the record under which the fire originated and spread were held sufficient to permit the inference of negligence.

In the case at bar the record shows only the destruction of the leased building by fire sometime November 4, 1948. Therefore, the doctrine of res ipsa loquitur is inapplicable. This conclusion renders unnecessary the consideration of other propositions presented by defendants as grounds for affirmance of the judgment.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.