ARLEDGE, Appellant, vs. SCHERER FREIGHT LINES, INC., Respondent.

*February 7—March 8, 1955.*

143

145

146

147

For the appellant there was a brief by *Dougherty, Arnold & Philipp,* and oral argument by *James T. Murray,* all of Milwaukee.

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *James C. Mallien* of counsel, all of Milwaukee, and oral argument by *Mr. Mallien.*

STEINLE, J.   Two questions are raised by appellant. They are:

1. Did not the plaintiff establish a cause of action under the doctrine of *res ipsa loquitur?*

2. Did not plaintiff's evidence establish that the defendant was negligent in handling the fire and in reporting it to the fire department?

"Although, as a general rule, the mere occurrence of a fire with resultant injuries does not raise a presumption of negligence either in the kindling or the management of the fire, and the doctrine of *res ipsa loquitur* is ordinarily held inapplicable at least in other than exceptional instances, the doctrine [of *res ipsa loquitur*] has been held to apply where the circumstances under which the fire originated and spread are such as to show that defendant or his servants were negligent in connection therewith."   65 C. J. S., Negligence, p. 1038, sec. 220 (12) ; 22 Am. Jur., Fires, p. 644, sec. 78.

The following decisions support the proposition that the mere occurrence of a fire with resultant injuries does not permit a presumption or inference of negligence: *Implement Dealers Mut. Fire Ins. Co. v. Golden* (1950), 257 Wis. 532, 44 N. W. (2d) 264; *Dodge v. McFall* (1951), 242 Iowa, 12, 45 N. W. (2d) 501; *Lezotte v. Lindquist* (1927), 51 S. D. 97, 212 N. W. 503; *Smith v. Gilbert Yards* (1944), 70 S. D. 246, 16 N. W. (2d) 912; *Grand Rapids & Indiana R. Co. v. L. Starks Co.* (1912), 172 Mich. 270, 137 N. W. 551, 33 Ann. Cas. 632; *Menth v. Breeze Corp.* (1950), 4 N. J. 428, 73 Atl. (2d) 183; *Edmonds v. Heil* (1948), 333 Ill. App.

497, 77 N. E. (2d) 863; *Hendricks v. Weaver* (Mo. 1944), 183 S. W. (2d) 74; *Kapros v. Pierce Oil Corp.* (1930), 324 Mo. 992, 25 S. W. (2d) 777, 78 A. L. R. 722; *Watenpaugh v. L. L. Coryell & Son* (1939), 135 Neb. 607, 283 N. W. 204; *Texas Hotel Co. of Longview v. Cosby* (Tex. Civ. App. 1939), 131 S. W. (2d) 261; *Emigh v. Andrews* (1948), 164 Kan. 732, 191 Pac. (2d) 901.

In the instant matter the gravamen of the complaint consists of alleged negligence of the defendant with respect to one or more of several specifications, viz.: That the stove was in a defective condition; that it was defectively installed; that it was not properly inspected and maintained; that the fire was permitted to spread through fault of defendant's employees.

An analysis of the evidence adduced by the plaintiff indicates that negligence was not established in relation to any of the particulars charged. Plaintiff contends, however, that the facts in this case are within the exception to the general rule, and that the application of the *res ipsa loquitur* doctrine was warranted here. That doctrine has been expressed as follows:

" '. . . where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' " *Ryan v. Zweck-Wollenberg Co.* (1954), 266 Wis. 630, 638, 64 N. W. (2d) 226.

The conditions that must generally concur in order that the doctrine of *res ipsa loquitur* may be properly invoked are:

" '. . . (1) The accident must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within

the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.'" *Ryan v. Zweck-Wollenberg Co., supra* (p. 639). `

True, in the present situation the room where the fire started, and the stove under or upon which the fire was first observed, were managed by the defendant or its servants. However, mere control over the premises and the stove, standing alone, is not sufficient basis for the application of the *res ipsa loquitur* rule. As stated in *Implement Dealers Mut. Fire Ins. Co. v. Golden, supra* (p. 535), "If [defendants had been in exclusive control of the building], it is difficult to understand how that fact alone could make applicable the doctrine of *res ipsa loquitur*. It is frequent that the origin of fires cannot be determined."

Upon a motion for directed verdict the evidence is considered most favorably to the plaintiff and must be interpreted most strongly against the defendant. The court takes the plaintiff's evidence as true and gives him the benefit of every inference, presumption, or intendment on the evidence. The court is obliged to search the record for evidence to support the denial of the direction of the verdict.

Careful analysis and consideration of the plaintiff's evidence here does not reveal with any degree of certainty the origin of the fire. It may have started in, upon, under, or near the stove with or without negligence on the part of anyone. From the circumstances reflected in plaintiff's evidence it cannot be held that the fire could not or would not have occurred except for negligence. Fires frequently occur without negligence. Nor can it be held that the physical facts surrounding the fire in question created a reasonable probability that it resulted from negligence. Under a most favorable construction of the evidence presented on behalf of the plaintiff, we are not able to determine that the fire in question

was of a kind which ordinarily would not or could not have occurred in the absence of negligence.

The fire department official ascribed "Defective Stove" as the cause of the fire. If the fire originated from a defect in the structure of the stove, the inquiry is: Was it a patent or a latent defect? Was it known, or in the exercise of ordinary care could or should it have been discovered by the defendant? The evidence throws no light upon these questions. Any answers thereto would clearly be predicated upon speculation and conjecture alone.

It is our opinion that the doctrine of *res ipsa loquitur* was not applicable to the facts herein.

The second question presented upon this appeal relates to a consideration of the spread of the fire to that portion of the warehouse occupied by the plaintiff.

The owner or occupant of a premises on which an accidental fire starts, through his act, is liable for damages resulting from his failure to use reasonable diligence to prevent it from spreading to other property after he is aware of the existence of the fire on his premises, even though the act which causes the start of the fire is not a negligent one, and his premises are in good condition. 22 Am. Jur., Fires, p. 603, sec. 13; Anno. 42 A. L. R. 821.

Plaintiff contends that the evidence presented on his behalf raises issues of fact for the jury as to whether the defendant's employees were negligent in (1) the matter of extinguishers used; (2) their attempt to smother the fire by use of a blanket; (3) the delay in calling the fire department. It appears from plaintiff's evidence that two of the defendant's employees used "hand pump" extinguishers in an attempt to put out the fire. One of the extinguishers became broken and failed of use after it was pumped once or twice. There is no evidence indicating obligation on the part of the defendant to have had *adequate* extinguishers available,—in fact there is no proof of requirement of use of any extinguishers. The

employees were confronted with an emergency situation. It is apparent from the evidence that upon discovery of the fire they believed that they could extinguish it with the means they used. After the extinguishers had been used, it appeared to some present that the fire was out. We fail to perceive any negligence on the part of defendant's employees with reference to the use of the extinguishers.

There is nothing of record to indicate that the use of the blanket or padding in the attempt to cause the fire to die down, constituted negligence. Suppression of fire by a covering is a matter of common knowledge. The testimony indicates that smoke permeated the "warm" room after the blanket had been thrown upon the fire for the purpose of smothering it. The smoke extended into the warehouse section itself. It appears that during the period when the extinguishers were being used, one of the employees went to the telephone to summon the fire department. However, he did not complete the call for the reason that he heard someone yell that the fire was out. After the blanket had been placed upon the fire, and the smoke arose in profusion, the call for the fire department was placed. At that time flames had as yet not extended into the warehouse. The evidence indicates that because of the efforts of the defendant's employees, the fire was under control until at least shortly before the time when the blanket was placed upon it, and until it had begun to blaze anew. It was then that the fire department was summoned.

Evidence of events subsequent thereto,—before and after the arrival of the fire department's equipment,—is not relevant to the issue as to whether there was undue delay in summoning the aid of the fire department. We are unable to find evidence of negligence in the record with respect to delay in calling the fire department. No jury question with reference to this item is presented by the evidence.

We agree with the learned trial court in its decision on motion for directed verdict that "there is a fatal absence of

evidence upon which a jury could possibly support findings of actionable negligence, and causation based upon any such." Had a jury verdict been rendered in favor of the plaintiff upon the evidence here as to any particular of negligence claimed, it would clearly have been based upon speculation and conjecture. A verdict to be warranted must be grounded on a reasonable certainty as to probabilities arising from a fair consideration of the evidence, not on conjecture, guessing, or possibilities. *Central Wisconsin Trust Co. v. Chicago & N. W. R. Co.* (1939), 232 Wis. 536, 287 N. W. 699.

*By the Court.*—Judgment affirmed.