RASZEJA, Appellant, v. BROZEK HEATING & SHEET METAL CORPORATION and another, Respondents.

*September 30—October 27, 1964.*

338

For the appellant there were briefs by *Goldberg, Previant & Uelmen* of Milwaukee, and oral argument by *Albert J. Goldberg.*

For the respondents there was a brief by *Moore & Moore* of Milwaukee, and oral argument by *Raymond J. Moore.*

BEILFUSS, J. The plaintiff contends that it was error to submit questions as to contributory negligence and cause on the part of the plaintiff and that if he was guilty of contributory negligence it could not have been as great a contributing factor to his injuries as the causal negligence of defendants. He asks for a new trial in the interests of justice.

*Contributory Negligence of the Plaintiff.*

The first five questions of the special verdict and the jury's answers are as follows:

"Question No. 1: Were Donovan Nelson and Kenneth E. Roberts negligent in the unloading of the crates in the truck at the time and place in question? Answer: Yes.

"Question No. 2: If your answer to Question No. 1 is 'Yes', then answer this question: Was such negligence a cause of the plaintiff's injury? Answer: Yes.

"Question No. 3: Was the plaintiff, Stanley Raszeja, negligent in the unloading of the crates in the truck at the time and place in question? Answer: Yes.

"Question No. 4: If your answer to Question No. 3 is 'Yes', then answer this question: Was such negligence a cause of the plaintiff's injury? Answer: Yes.

"Question No. 5: If your answer to all of the preceding questions is 'Yes', then only answer this question: Taking the combined negligence which produced the injury as 100%, what percentage of such negligence is attributable to:

"(a) Donovan Nelson and Kenneth E. Roberts? Answer: 40.

"(b) Plaintiff, Stanley Raszeja? Answer: 60."

The plaintiff objected to the inclusion of questions No. 3, 4 and 5 upon the ground that the defendants produced no credible evidence to sustain a finding of negligence on the part of the plaintiff. This motion was overruled by the trial court.

The test is not whether the defendants introduced credible evidence to warrant a finding of causal negligence on the part of the plaintiff but rather whether there is any credible evidence before the jury upon which such finding could be based.

We are of the opinion that there is credible evidence in the record which if believed by the jury, together with reasonable inferences, does sustain a finding of causal negligence on the part of the plaintiff.

The only instruction given to the jury (with the approval of the parties) as to the duties of the respective parties was the general definition of negligence taken from Wis J I—Civil, Part I, 1005. The instruction is as follows:

"A person is negligent when he fails to exercise ordinary care. Ordinary care is the degree of care which the great mass of mankind ordinarily exercises under the same or similar circumstances. A person fails to exercise ordinary care when, without intending to do any wrong, he does an act or omits a precaution under circumstances in which a person of ordinary intelligence and prudence ought reasonably to foresee that such act or omission will subject the person or property of (himself or) another to an unreasonable risk of injury or damage. (Negligence may also be said to mean a want of, or failure to exercise, that care and caution which a person of ordinary intelligence and prudence usually exercises in a like or similar situation, work, or operation, under like or similar circumstances.)"

The parties did stipulate and agree that the form of the questions in the verdict and a single instruction defining negligence were proper and sufficient.

The plaintiff upon appeal does not complain as to the form or sufficiency of the verdict and instructions nor could he be heard to do so by virtue of his stipulation. Timely requests would have warranted more-detailed instructions as to plaintiff's duty to exercise reasonable care for his own safety, a duty to warn of known danger or risk of injury and corresponding duties of Brozek's employees to use reasonable care not to act so as to injure the plaintiff in view of circumstances which were known or should have been known to them.

The jury could properly find Brozek's employees negligent in the manner in which they unloaded the crate. The size, shape, and weight of the crate, the manner in which it was being lowered and the position and actions of the plaintiff were such that the jury could conclude that as ordinarily reasonably prudent persons they should foresee that dropping

the crate in the manner described could injure the plaintiff and that ordinary care required them not to drop the crate.

The plaintiff likewise had a duty to exercise reasonable care for his own safety. The jury could find that because of the same factors as to size and weight of the box and the manner in which it was being unloaded, and his participation with one partially disabled arm, that he as an ordinarily reasonable and prudent person could foresee a substantial risk of injury to himself and that ordinary care required he remove himself from this position of danger, or take steps to protect himself.

In addition thereto it appears without dispute that plaintiff used his right arm only to bear the weight and his left arm only to guide the crate. He did not inform Brozek's employees of any limitation in the use of his left arm before the unloading of the first upper crate. He testified that he did warn them of this condition and the strain to his right arm before the second upper crate was unloaded. Brozek's employees both denied he gave any such warning. The jury was entitled to accept the testimony of Brozek's employees.

From the plaintiff's description of the sensation to his arm, it appears he noticed an abnormal strain on his right arm while unloading the first crate. It further appears highly probable, if not certain, that the injury occurred in unloading the second crate. If the jury believed that he did not warn the other two men of the condition of his left arm and the strain he felt while unloading the crate, they could find that engaging in the same activity a second time was negligence and a cause of his injury. The jury could also consider that plaintiff did remove himself from this position of danger in unloading the third and fourth upper crates.

We agree with the trial court that the jury could find that plaintiff was negligent in unloading the crates and that his negligence was a cause of his injuries.

## Comparison of Negligence.

The jury apportioned 60 percent of the causal negligence to plaintiff and 40 percent to Brozek's employees. The plaintiff contends that as a matter of law the causal negligence of Brozek's employees was greater than his.

He argues that the defendants' negligence was active and his negligence, if any, was only passive. He urges that passive negligence cannot constitute as great a proportion of the total causal negligence as active negligence.

In *McConville v. State Farm Mut. Automobile Ins. Co.* (1962), 15 Wis. (2d) 374, 113 N. W. (2d) 14, this court adopted the rule that conduct of a guest in an automobile accident formerly considered assumption of risk may be classified as contributory negligence and subject to the comparative-negligence statute. *Theisen v. Milwaukee Automobile Mut. Ins. Co.* (1962), 18 Wis. (2d) 91, 118 N. W. (2d) 140, 119 N. W. (2d) 393, another auto-guest case, followed *McConville.* In *Theisen* it was pointed out that entering a car knowing of a hazard may be a failure to exercise ordinary care for his safety on the part of a guest and, as such, passive negligence which might be a cause of the guest's injuries but not a cause of the accident. The guest could also be actively negligent in other respects which would be a cause of the accident.

In both verdict questions, 2 and 4, the inquiry was as to cause of the injuries of the plaintiff and not the cause of the accident.

While the failure of the plaintiff to exercise ordinary care for his own safety in some of its aspects could be considered passive negligence under the rationale of the *McConville* and *Theisen Cases, supra,* the facts of this case justify a finding of active negligence.

A permissible basis of comparison of causal negligence is a contrast between the risk of injury created by the plaintiff

and that negligently assumed—an evaluation of his active and passive negligence as contrasted to the negligence of the defendants. The plaintiff, in this instance, physically participated in the movement of a heavy object capable of inflicting injury if improperly handled. There was a conflict in the testimony as to whether he warned Brozek's employees of his physical handicap and whether they knew he was using only one arm in their joint effort to move and support the weight of this heavy crate. The jury could believe that plaintiff did not warn Brozek's employees of his limitations and that his failure in this regard subjected him to a greater probability of injury to himself than Brozek's employees could reasonably anticipate. The jury could further consider that in unloading the first upper crate he was positively made aware of the danger and that in spite of this knowledge he again actively and physically participated in an identical manner in moving the second crate.

The comparison of causal negligence is peculiarly within the jury's province and its finding is not to be disturbed if it is based on any reasonable view of the credible evidence. We cannot, in this instance, conclude as a matter of law that causal negligence of the plaintiff was less than that of the Brozek employees.

*By the Court.*—Judgment affirmed.

WILKIE, J. (*dissenting*). The first difficulty I have with the majority opinion is in finding any negligence on the part of the plaintiff. Granted, the plaintiff had a duty to exercise reasonable care for his own safety. Although the plaintiff's left arm was disabled there is no evidence in the record to show that it was useless. Under the circumstances I find no duty on the part of the plaintiff (1) to refrain from participating in the unloading operation with his partially disabled

left arm, or (2) to notify the other two men of this disability before the first crate was unloaded. The majority finds a further duty requiring the plaintiff to tell the two men before the second crate was unloaded of the strain to his right arm that he experienced during the unloading of the first crate. No authority is cited impressing any such duty on the plaintiff. I find none. To require a person in the situation in which the plaintiff found himself to complain to his fellow workers of each ache or pain as it arose during the process of a continuous unloading operation would impose an impractical, unrealistic, and unreasonable burden. I find no such duty here.

Even assuming that the plaintiff may have had a duty, either to refrain from participating in the unloading operation or to tell the other men of his handicap or of the strain occurring during the unloading of the first crate, in my review of the record I find no evidence to support a determination that the plaintiff's injuries were really caused by any alleged failure to meet any of these duties. Any jury finding of negligence on the part of the plaintiff and any finding of causal connection with plaintiff's injury to his right arm, must have been based on conjecture and speculation. Many cases have held that a verdict so founded must fail.[1]

The second difficulty I have with the majority opinion is in its affirmance of the trial court's decision affirming the jury verdict assessing plaintiff with 60 percent of the causal negligence while assessing the other workers with only 40 percent. It is true that this court generally regards the apportionment of negligence as a jury matter,[2] but there are

---

[1] *Arledge v. Scherer Freight Lines, Inc.* (1955), 269 Wis. 142, 68 N. W. (2d) 821; *Chaimson v. American R. Express Co.* (1922), 178 Wis. 286, 189 N. W. 529, and cases cited therein.

[2] *Zenner v. Chicago, St. P., M. & O. R. Co.* (1935), 219 Wis. 124, 262 N. W. 581.

exceptions [3] and I believe that this is such a case. In my view the defendants would have to be at least as negligent as the plaintiff.

I would reverse, find no negligence on plaintiff, and enter judgment for plaintiff; or at least I would reverse and exercise our discretion under sec. 251.09, Stats., and order a new trial.

I have been authorized to state that Mr. Justice GORDON joins in this dissent.

---

[3] *Home Fire & Marine Ins. Co. v. Farmers Mut. Automobile Ins. Co.* (1956), 274 Wis. 210, 79 N. W. (2d) 834; *Zenner v. Chicago, St. P., M. & O. R. Co., supra,* footnote 2, and cases cited therein.