Steve **FOERSTER** and Myrtle Foerster,
Plaintiffs and Appellants,

v.

**FISCHBACH–MOORE, INC.,** and Foley
Company and Howard Electric Company, a
joint venture known as Fischbach, Foley
and Howard, Defendants and Respondents.

**Civ. No. 8598.**

Supreme Court of North Dakota.

June 5, 1970.

Degnan, McElroy, Lamb & Camrud, Grand Forks, for plaintiffs and appellants.

Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for defendants and respondents.

PAULSON, Judge.

This is an appeal by the plaintiffs, Steve Foerster and Myrtle E. Foerster, hereinafter referred to as the Foersters, from the judgment of dismissal entered in the district court of Grand Forks County,

Grand Forks, North Dakota, in favor of the defendants, Fischbach-Moore, Inc., Foley Company, and Howard Electric Company, joint venture contractors known as Fischbach, Foley and Howard, and hereinafter so referred to.

The Foersters commenced an action against Fischbach, Foley and Howard, alleging that a building owned by the Foersters and leased by them to Fischbach, Foley and Howard was destroyed by fire as a result of the negligence of Fischbach, Foley and Howard. Steve Foerster was the only witness who testified on behalf of the Foersters and the Foersters then rested their case. Fischbach, Foley and Howard moved for dismissal under Rule 41(b), North Dakota Rules of Civil Procedure. The trial court granted such motion and dismissed the jury. A judgment of dismissal was entered and the Foersters appealed from that judgment to this court.

The Foersters, as the basis for their appeal, alleged ten specifications of error. Seven of these specifications, however, present only one issue to this court, which is, basically, as follows:

Did the trial court err as a matter of law by ruling that the Foersters' evidence failed to state a cause of action against Fischbach, Foley and Howard and, hence, err in granting Fischbach, Foley and Howard's motion for dismissal of the Foersters' cause of action?

The remaining alleged specifications of error are set forth as follows:

Did the trial court err as a matter of law by refusing to permit the Foersters to reopen their case after its dismissal? Did the trial court err as a matter of law by refusing to admit into evidence the Foersters' exhibits, Nos. 1, 2, and 3?

Did the trial court err as a matter of law in denying the Foersters' offer of proof regarding the testimony of the Foersters' prospective witnesses, C. L.

"Bud" Linfoot, Herman E. Tupa, and Elroy Orstad?

The facts in this case are undisputed. Only one witness testified on behalf of the Foersters, namely, Steve Foerster. Fischbach, Foley and Howard were not required to present any evidence because the trial court granted their motion for dismissal after the Foersters rested their case.

The evidence in the record reveals the following facts as adduced from the testimony of Steve Foerster.

Steve and Myrtle E. Foerster owned a 20- by 60-foot wooden frame building in Manvel, North Dakota. The Foersters, during June or July of 1964, entered into an oral agreement for the rental of the building with Fischbach, Foley and Howard. It was agreed between the parties that Fischbach, Foley and Howard were to pay rent in the sum of $25 per month and, in addition, to put in a new floor; rewire and insulate the building; put sheathing on the inside walls, as well as install two bottle gas heaters in the building. Fischbach, Foley and Howard used the building as a preventive maintenance shop for the repair and upkeep of their trucks. They also installed a lock on the door of the building and retained the only keys for access thereto.

A fire started from an unknown origin, completely destroying the building and all of its contents, between six and seven o'clock on the evening of November 27, 1964. The Foersters' damages, in addition to the building, included the loss of a road equipment tire, and some steel rods, lumber, and windows, which had been stored adjacent to the building.

The first issue to be determined is:

Did the trial court err as a matter of law by ruling that the Foersters' evidence failed to state a cause of action against Fischbach, Foley and Howard and, hence, err in granting Fischbach, Foley and Howard's motion for dismissal of the Foersters' cause of action?

It is the Foersters' main contention that, upon a general plea of negligence, the evidence submitted at the trial through the testimony of Steve Foerster establishes the requisite requirements to bring their case either within the rule enunciated by this court in McKenzie v. Hanson, 143 N.W.2d 697 (N.D.1966) or, if the *McKenzie* case is not controlling, that the doctrine of res ipsa loquitur would then apply.

Fischbach, Foley and Howard contend that the *McKenzie* case is not controlling, and that the decision by this court in Farmers Home Mut. I. Co. of Medelia, Minn. v. Grand Forks Implement Co., 79 N.D. 177, 55 N.W.2d 315 (1952), sets forth the res ipsa loquitur doctrine as it applies to fire cases and that, under that rule, the Foersters have failed in their burden of proof and therefore have failed to establish a claim upon which relief could be granted.

An analysis of both the *McKenzie* case and the *Farmers Home Mutual* case is essential to the determination of the instant case.

 The *McKenzie* case was a consolidated action for damages to plaintiffs' automobiles due to a fire in defendant's repair shop where the vehicles were stored. This court found that the legal relationship existing between the parties was a bailment for hire and that the bailee had a duty to exercise reasonable care. North Dakota adopted the rule that "where a bailment for hire is proved and the defendant bailee failed or refused to redeliver, there is a presumption of negligence on the part of the bailee, and the burden of going forward with the evidence shifts to the bailee". McKenzie v. Hanson, *supra* 143 N.W.2d at 704. In the instant case, the Foersters contend, where a building was leased to a tenant and the defendant-tenant fails or refuses to redeliver because of destruction by fire, a presumption of negligence on the part of the tenant arises and the burden of going forward with the evidence shifts

to the tenant. This analogy cannot be drawn, because there is an entirely different relationship between a bailment and a leasehold interest. In a bailment the bailee has full responsibility for the care and preservation of the bailed property. In a leasehold both the landlord and the tenant have joint responsibility for the care and preservation of the property. 49 Am.Jur.2d, Landlord and Tenant § 934, pp. 910–911; 8 Am.Jur.2d, Bailments § 20, p. 925; 51C C.J.S. Landlord & Tenant § 261b, pp. 684–685; 8 C.J.S. Bailments § 2, pp. 322–323. The landlord has the responsibility for the repair and maintenance of the property; while the tenant has the responsibility to use the property subject to reasonable wear and tear. The bailor, in a bailment, loses control and possession of the property and, because of the movable nature of the bailed property, the bailee may sell, hide, or destroy it without the knowledge or consent of the bailor. The tenant, in a leasehold, does not have similar control over the property. The landlord, because the property is immovable, can oversee the property and take remedial steps to prevent abuse or destruction by the tenant. After considering these distinguishing attributes of both types of relationships—leasehold versus bailment—we conclude that the *McKenzie* decision is not applicable to the case at bar.

The *Farm Home Mutual* case was an action against a tenant for fire damage. A fire started in the machine shop of the defendant's business. The evidence supported a conclusion that the fire started either from the negligent act of an employee or from a fire which started in the east wall of the shop. This court affirmed the trial court's conclusion that the res ipsa loquitur doctrine was not applicable, because evidence as to the cause of the fire was lacking, and that it was at least as probable, if not more probable, that the injury was due to a cause for which the defendant was not responsible than that it was caused by one for which the defendant was responsible. Fischbach, Foley and Howard's contentions, in the instant case, are similar in nature to those set forth in the *Farm Home Mutual*

case in that the res ipsa loquitur doctrine does not apply unless the Foersters establish the cause of the fire.

It must be noted, in the first instance, that the *McKenzie* opinion did not discuss the res ipsa loquitur doctrine. The res ipsa loquitur doctrine is included in the instructions as a basis for assisting the jury in analyzing the circumstantial evidence submitted in support of a claim of negligence. Certain requirements of the doctrine of res ipsa loquitur must be met before being submitted to the jury or used by the court in weighing the evidence, to either support or not support a claim of negligence.

This court, in Mikkelson v. Risovi, 141 N.W.2d 150, 152 (N.D.1966), said that, in negligence cases:

"* * * the burden of proof is upon the plaintiffs to establish negligence on the part of the defendants against whom they seek to recover. The case is founded upon the theory that the defendants owed a legal duty to the plaintiffs, which they failed without lawful excuse to perform, and that, because of such failure, the plaintiffs suffered injury for which the defendants should respond in damages. There can, of course, be no actionable negligence unless there be a failure to perform a legal duty owing the person injured."

■ In the instant case, the relationship between the Foersters and Fischbach, Foley and Howard was that of landlord-tenant. Under a leasehold relationship, the lessee of real property must use ordinary care to preserve such property in safety and to keep it in good condition. § 47–16–09, North Dakota Century Code. Therefore, by statute, Fischbach, Foley and Howard were under a legal duty to protect the property by the use of ordinary care for the preservation and future use of the Foersters. The Foersters contend that the destruction of their building by fire was a breach of this duty by Fischbach, Foley and Howard, and that, based upon the evidence submitted at the trial, they established such a breach.

■ It is well settled that, while negligence of the defendants must be proved and will never be presumed merely from proof of the accident and that the plaintiffs were damaged thereby and that the burden is on the plaintiffs to present evidence of the defendants' negligence from which a reasonable man may conclude that, on the whole, it is more likely that the negligence of the defendants did cause the injury than that they did not—yet that does not mean that there necessarily must have been eyewitnesses to the defendants' negligent conduct. Negligence proximately causing the plaintiffs' damages, like any other fact, may be proved by circumstantial evidence. Mischel v. Vogel, 96 N.W.2d 233 (N.D.1959).

■ This court said, in the *Farmers Home Mutual* case, *supra* 55 N.W.2d at 318:

"If the evidence of circumstances will permit a reasonable inference of the alleged cause of injury and exclude other equally reasonable inferences of other causes, the proof is sufficient to take the case to the jury [referring to the application of the res ipsa loquitur doctrine]. * * * If on the other hand, plaintiffs' proof is such that it is equally probable the injury was due to a cause for which defendant was not liable a prima facie case is not established."

In the instant case, the fire which destroyed the building started from an unknown cause. The evidence submitted by the Foersters does not establish any act of negligence or a cause which started the fire. The Foersters set forth no theory of negligence or proof thereof other than that, with the aid of the application of the res ipsa loquitur doctrine, they urge that their case should be submitted to a jury for determination and a conclusion as to the weight which should be given to the evidence submitted and to such infer-

ences of negligence that might arise therefrom.

The Latin phrase "res ipsa loquitur" means nothing more than that "the thing speaks for itself" and is the offshoot of a casual statement made by Baron Pollock during an argument with counsel in a case in the year 1863, in which a barrel of flour rolled out of a warehouse window and fell upon a passing pedestrian.

The statement of this doctrine is as follows:

"There must be reasonable evidence of negligence; but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care." Prosser Torts 3rd Ed. HB (1964), p. 218.

■ The conditions that must generally concur in order that the doctrine of res ipsa loquitur may properly be invoked are as follows:

1. The accident must be of a kind which ordinarily does not occur in the absence of someone's negligence.

2. It must be caused by an agent or instrumentality within the exclusive control of the defendant.

3. It must not have been due to any voluntary action or contribution on the part of the plaintiff.

Bergley v. Mann's, 99 N.W.2d 849 (N.D. 1959); Arledge v. Scherer Freight Lines, 269 Wis. 142, 68 N.W.2d 821 (1955); Prosser Torts 3rd Ed. HB (1964), p. 218. It becomes necessary that each of the above elements must be established before an instruction upon the doctrine of res ipsa loquitur can be submitted to a jury.

■ It has been stated that it is not the mere occurrence of a fire but the circumstances under which the fire originated and spread which may show negligence on the part of a defendant so as to make the doctrine of res ipsa loquitur applicable. Tedrow v. Des Moines Housing Corporation, 249 Iowa 766, 87 N.W.2d 463 (1958); Dodge v. McFall, 242 Iowa 12, 45 N.W.2d 501 (1951). In the instant case, the Foersters have not shown any circumstances under which the fire started. It is difficult to say from the fact that fire destroyed a building that someone was negligent in starting the fire, because fires frequently occur without negligence. Nor can it be held that the physical facts surrounding the fire in question created a reasonable probability that it resulted from negligence.

■ If we could assume that a fire which started from an unknown origin resulted from negligence, it would be necessary to show that the thing which caused the injury to the plaintiffs was under the exclusive control and management of the defendants. In such a case it is not the fire which caused the injury, but the "thing" or "instrumentality" which caused the fire that is required to be under the control of the defendant. In the instant case, the Foersters were the owners of the building which burned and, along with that ownership and in light of their rental to Fischbach, Foley and Howard, the Foersters' responsibility continued over their building, which included the responsibility to see that their care and upkeep of the building's electrical wiring, insulation, and heating system did not cause a fire which would be injurious to a tenant. Under these circumstances, where the fire started from an unknown cause, it is difficult to say that the fire started in an area under the exclusive control of either the Foersters or Fischbach, Foley and Howard, and, moreover, it is equally probable that the fire started within that area over which the Foersters had respon-

sibility and, hence, the res ipsa loquitur doctrine does not apply.

The Foersters, in support of their contention that the res ipsa loquitur doctrine is applicable, cited cases which they believe are persuasive. An annotation upon the subject of res ipsa loquitur dealing with fires is found in 8 A.L.R.3d 974. We have reviewed the cases where the doctrine was applied and in each case the fire was attributed to a reasonable probability that a given instrumentality or thing was the cause of the fire and such thing or cause was within the exclusive control of the defendant. In the instant case, the Foersters have not established any causation as to the starting of the fire, but left this question open for speculation by the jury. This question must be supported by the record.

After a complete review of the record, we find that the evidence produced by the Foersters was insufficient to submit to a jury the question of negligence based upon the doctrine of res ipsa loquitur.

The Foersters contend that, if the evidence was insufficient to submit to a jury the issue of negligence based upon the res ipsa loquitur doctrine, the trial court erred in not permitting them to re-open their case and offer additional evidence in support of their claim of negligence. The question of reopening a case after the parties have rested is a matter within the sound discretion of the trial court. Kuntz v. Stelmachuk, 136 N.W.2d 810 (N.D.1965); Liberty National Bank of Dickinson v. Daly, 96 N.W.2d 897 (N.D. 1959). Having reviewed the record, including the offer of proof, we find that the Foersters had no other evidence to submit at the trial in support of their claim of negligence and, upon the state of the record, the trial court did not abuse its discretion in denying a motion to re-open the case.

Other issues presented as specifications of error relate to proof of damages. It is not necessary that we discuss these issues because the Foersters have not established a claim upon which relief can be granted.

For reasons stated in the opinion, the judgment of the district court dismissing the Foersters' cause of action is affirmed.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.