2011 ND 54

**Randy Lee SILLIMAN, Plaintiff and Appellee**

v.

**Lee DIRKZWAGER, as an individual, and All American Biodiesel, Inc., a North Dakota Corporation, Defendants**

**All American Biodiesel, Inc., a North Dakota Corporation, Appellant.**

**No. 20100257.**

Supreme Court of North Dakota.

March 22, 2011.

J. Thomas Traynor, Jr., Devils Lake, N.D., for plaintiff and appellee; submitted on brief.

Adam M. Olschlager, Billings, Montana, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] All American Biodiesel appeals from the district court's judgment [1] awarding Randy Silliman damages and attorney's fees following a fire that occurred on All American's property. The district court ruled that All American was liable for damages that occurred to Silliman's house under the theory of res ipsa loquitur. We reverse, concluding the facts in the record are insufficient to satisfy the elements of res ipsa loquitur.

I

[¶ 2] Randy Silliman brought suit against All American in small claims court, alleging that a fire on All American's property caused smoke damage to his house. All American removed the matter to the district court. A bench trial was held during which the following facts were introduced through testimony.

[¶ 3] Silliman testified that his house is approximately 200 feet from a biodiesel plant owned by All American. The plant was established and run by Lee Dirkzwager, who was initially a defendant in this matter. A fire occurred in one of the buildings at the plant early one morning in August 2008. Silliman testified he was awakened by a neighbor who called to tell him that a building at the plant was on fire. The windows were closed on his house, but the central air conditioning unit was on, which drew smoke into the house. Silliman stated he took precautions, such as bringing in his dog and alerting other neighbors, but did not leave the residence with his family, because an officer on the scene told him the fire was "just a little vegetable oil."

[¶ 4] According to Silliman, there was a noticeable smell of "burnt plastic" in his house following the fire. He testified that an air quality inspector with the State Health Department found hazardous chemicals had burned in the fire, leading Silliman to get the house professionally cleaned. Before this cleaning occurred, Silliman and his wife washed their bedding, moved all of their furniture, cleaned their drapes, and disposed of their blinds. The cleaning service then employed odor-removing machines, extensive use of disinfectants, and other cleaning techniques within the house.

[¶ 5] A deputy state fire marshal conducted an investigation of the fire. In his report, the deputy fire marshal was able to pinpoint the general area of the building where the fire started, but he noted that two machines in that area did not show signs of having started the blaze. His report concluded that an "exact determination could not be made as to the origin or cause of the fire."

[¶ 6] The district court found the damage to Silliman's house was caused by the fire at All American's plant. The court adopted Silliman's expense figure of $1,905.50 and concluded All American was liable for this amount on the theory of res ipsa loquitur. The court also ordered All American to reimburse Silliman's attorney's fees and expenses in the amount of $3,438.60. The action against Dirkzwager personally was dismissed with prejudice.

---

1. All American appealed from the order for judgment. We treat an appeal from an order for judgment as an appeal from a subsequent conforming judgment. *Haugenoe v. Bambrick,* 2003 ND 92, ¶ 1 n. 1, 663 N.W.2d 175.

[¶ 7] On appeal, All American argues the application of res ipsa loquitur cannot be sustained, because it was not proven that the fire could not have started without negligence. Further, All American contends there was no evidence to establish that it had exclusive control of whatever instrumentality caused the fire.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 9] All American argues the application of res ipsa loquitur cannot be sustained, because it was not proven that the fire could not have started without negligence. All American also contends there was no evidence to establish that it had exclusive control of the instrumentality that caused the fire.

[¶ 10] The factual findings necessary for the application of res ipsa loquitur were established in *Victory Park Apartments, Inc. v. Axelson:*

(1) the accident was one which does not ordinarily occur in the absence of negligence;

(2) the instrumentality which caused the plaintiff's injury was in the exclusive control of the defendant; and

(3) there was no voluntary action or contribution on the part of the plaintiff.

367 N.W.2d 155, 159 (N.D.1985). There is nothing in the record to suggest that Silliman contributed to the fire, so the third prong is satisfied. All American's argument concerns only the first two prongs of the test.

[¶ 11] On these prongs, the deputy fire marshal's report reflects the uncertainty surrounding the fire. The report states that the cause of the incident is "undetermined," and in summarizing the incident, the report notes, "This fire is unable to be determined as to origin and cause." The deputy fire marshal was able to narrow the fire's ignition to somewhere in the southeast portion of the building, but was unable to pinpoint the spot with any greater specificity. This report is reinforced by the testimony at trial, which was devoid of any specifics relating to origin or cause of the fire. On the basis of the record, the key circumstances surrounding the cause of the fire are almost completely unknown.

[¶ 12] "It is not the mere occurrence of a fire but the circumstances under which the fire originated and spread which may give rise to application of res ipsa loquitur." *Victory Park,* 367 N.W.2d at 159. We have recognized that fires can start for many reasons in the absence of negligence. *Foerster v. Fischbach–Moore, Inc.,* 178 N.W.2d 258, 263 (N.D.1970). For this reason, we have held that res ipsa loquitur applies only when it is shown that the accused party had exclusive control over the instrumentality that caused the fire:

We question the logic of a rule which would permit an inference of negligence to arise merely from the defendant's control over the object in which the fire originated or the area where it originated. The far better rule, which we have already embraced in *Foerster v. Fischbach–Moore, Inc., supra,* 178 N.W.2d at 263, is that "the 'thing' or 'instrumentality' which *caused* the fire . . . is required to be under the control of the defendant."

*Victory Park,* at 160.

[¶ 13] In light of the deputy fire marshal's report and the lack of any testimonial evidence as to the cause of the fire, the district court's order is in error. The district court concluded that res ipsa loquitur

applied because the fire would not have started in the absence of negligence. The court also concluded the instrumentality that caused the fire was in All American's exclusive control. The only relevant factual finding made by the court on these conclusions was that the building was under All American's control. Under the rule laid out in *Victory Park*, control of the building is not enough.

[¶ 14] The district court's application of res ipsa loquitur cannot stand on the minimal facts and inferences presented. "[I]t is axiomatic that when the plaintiff has failed to present any evidence establishing the point of origin or the specific thing which caused the fire, but relies upon mere speculation as to the cause of the fire, res ipsa loquitur is inapplicable." *Investors Real Estate Trust Properties, Inc. v. Terra Pacific Midwest, Inc.*, 2004 ND 167, ¶ 14, 686 N.W.2d 140. Accordingly, we hold that the elements of res ipsa loquitur are not met in this case.

### III

[¶ 15] Silliman argues that the production of biodiesel is an abnormally dangerous activity which carries a higher standard of care. He contends this heightened standard of care was breached when the fire occurred at All American's plant.

[¶ 16] Silliman cites to *Brauer v. James J. Igoe & Sons Constr., Inc.*, 186 N.W.2d 459, 468 (N.D.1971), in which this Court held that utilities involved in fuel transmission and distribution are held to a standard of care proportionate to known dangers or to dangers that should have been known. While we recognize that such a proportionate standard of care is appropriate in some situations, Silliman presents no specific evidence regarding the dangers or threats posed by All American's production of biodiesel. Instead, Silliman makes conclusory references to the "dangers presented in [All American's] production of biodiesel" and criticizes the lack of a certain fire alarm system. This bare argument fails to prove the requisite dangerous nature of All American's operation that would necessitate a higher standard of care. In the absence of credible evidence proving an abnormally dangerous condition, we decline to hold All American to a heightened standard of care. Accordingly, All American did not breach any duties to Silliman.

### IV

[¶ 17] The parties in this case are missing key facts about the fire because of its mysterious nature. Without greater specificity as to the origin of the fire and the instrumentality that caused it, the elements of res ipsa loquitur cannot be met. Further, there is no credible evidence to establish that All American's operation was abnormally dangerous. We reverse the district court's judgment awarding Silliman damages and attorney's fees stemming from the fire at All American's plant.

[¶ 18] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.