LEZOTTE, Respondent, v. LINDQUIST, Appellant.

(212 N. W. 503.)

(File No. 5756.   Opinion filed March 7, 1927.)

1. **Negligence—Vis Major—Act of God—Negligence Is Not Presumed from Injury, Where Injury Is as Consistent with Lack of Negligence as with Negligence.**

   Negligence is not presumed from the mere fact of injury, when injury is as consistent with unavoidableness as with negligence or when cause of accident is doubtful or injury can as well be attributed to act of God or unknown cause as to negligence.

2. **Negligence — Physical Facts of Accident, Creating Reasonable Probability that Negligence Caused It, Furnish Evidence of Negligence in Conformity with Maxim Res Ipsa Loquitur.**

   When the physical facts of an accident themselves create a reasonable probability that it resulted from negligence, the physical facts furnish evidence of negligence in conformity with the maxim res ipsa loquitur.

3. **Negligence—Owner Is Not Liable for Communication of Accidental Fire to Another's Property, Unless Fire Started Through Owner's Negligence.**

   In absence of statute to contrary, private owner of property is not liable for damages caused by communication of accidental fire to property of another, unless fire started through owner's negligence.

4. **Negligence—Destruction by Fire Does Not Raise Presumption of Negligence in Managing It.**

   No presumption of negligence, either in the kindling or management of fire is raised by the destruction of property by it.

5. **Negligence—Doctrine of Res Ipsa Loquitur Held Inapplicable to Fire Spreading to Adjacent Building from Building Containing Defective Stove.**

   In action for fire which spread from defendant's building, brought on the ground that it was negligently caused by defective stove, held that doctrine of res ipsa loquitur did not apply.

6. **Negligence—Judgment for Plaintiff for Damage by Fire Could Not Be Sustained in Absence of Proof of Cause of Fire.**

   In action for damage by fire, alleged to have spread from defective stove in adjoining building, judgment for plaintiff could not be sustained, where there was no proof that defect in stove caused fire.

Note.—See, Headnote (1), American Key-Numbered Digest, Negligence, Key-No. 121(2), 29 Cyc. 590, 591; (2) Negligence, Key-No. 121(2), 29 Cyc. 591; (3) Negligence, Key-No. 21(2), 29 Cyc. 460; (4) and (5) Negligence, Key-No. 121(4), 29 Cyc. 595; (6) Negligence, Key-No. 121(5), 29 Cyc. 587, 600.

Negligence not presumed from mere fact of injury, see 20 R. C. L. 185; 3 R. C. L. 1042; 4 R. C. L. Supp. 1344; 5 N. C. L. Supp. 1087; 6 R. C. L. Supp. 1196.

On the rule as to liability for fire communicated to other premises in absence of negligence, see 11 R. C. L. 941; 2 R. C. L. Supp. 1341; 5 R. C. L. Supp. 623.

Destruction of property by fire raises no presumption of negligence, see 11 R. C. L. 955; 2 R. C. L. Supp. 1343.

Appeal from Circuit Court, Tripp County; Hon. N. D. Burch, Judge.

Action by Alice Lezotte against Edward Lindquist. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Reversed and remanded.

*E. O. Patterson,* of Washington, D. C., and *W. J. Hooper,* of Gregory, for Appellant.

*P. A. Hosford,* of Winner, for Respondent.

MISER, C. The building occupied by respondent caught fire from the flames which consumed appellant's building; and respondent's furniture and hotel equipment were destroyed. Respondent's complaint alleges negligence on the part of appellant, in two paragraphs. Paragraph 4 is as follows:

"That on the evening of December 12, 1922, the defendant kept and operated in his said premises a certain heating stove, which was unsafe and known by defendant to be unsafe."

Paragraph 5 was as follows:

"That the defendant so negligently operated and handled his said stove on his said premises that, late in the evening of said day, through the negligence of the defendant in failing to properly furnish a safe stove and to properly operate his said stove, that the same became overheated and set fire to his said premises and to the adjacent premises occupied by the plaintiff."

The trial court fully and fairly instructed the jury as to the law which should govern them had the allegations of plaintiff's complaint been supported by the evidence. Among other instructions and in harmony with them was the following:

"Before you can find a verdict in favor of the plaintiff, you must be satisfied that the plaintiff has proven by a preponderance of the evidence that an overheated stove caused the fire, and that this was the result of some negligent act or acts on the part of the defendant. Unless the fire originated from an overheated stove and this was the direct cause of starting the fire, the plaintiff cannot recover."

There was abundant evidence on the part of respondent that there was a crack or check in the fire pot of the stove, or rather two small cracks running together in a V-shape, variously described by witnesses as being "large enough to see the fire through," or "large enough so that, if there had been fire in the stove, one coud see it," or "large enough so that one could slip a paper through it"; also that the grate was held up on one side by a brick placed in the ash pan, and that there was no damper in the stove-pipe which connected the stove with the brick chimney; that, when the door was opened, it sagged on its hinges; that a couple of weeks before the fire appellant had ordered a new fire pot and grate from a local dealer, who had sent away for the same, and who had received it, but had not notified appellant of its arrival; and that appellant had not called for it. However, it is not even charged, and no proof whatever is submitted, that fire or coals dropped from the stove on account of these defects; and, for aught that appears from the record, when the building had been consumed, the stove stood among the debris on its own legs, with its door closed and its lid on, with its grate in place, and with the crack in the fire pot no larger than when left by appellant two hours before the fire. It also appears that the stove had been in use for at least several days before the fire as the sole means of heating the building, which had been recently purchased by appellant, and which was being remodeled by him for a dry goods and grocery store. That the fire was first discovered about 11 o'clock at night, and that, during that day, the fire had been kept going by a workman who was papering the storeroom; that, when appellant left the store for the night, after 9 o'clock, he had put a lump of coal on the fire to keep it going, and had closed the draft and the door; that the store would have been ready for occupancy in a few more days, and that large quantities of goods were stored in boxes in the room in which the stove was and in an adjoining

room, ready to be placed upon the shelves as soon as the varnish should dry; that there was a brick chimney in the partition between those two rooms with a hole in the chimney to serve this stove in the northeast room, and another which would have permitted a stove to have been placed in the southeast room, where boxes of goods were stored.

[1, 2] Respondent contends that the crack in the fire pot, together with the lack of a damper in the stovepipe, permitted the stove to become overheated. Be that as it may, that the stove did become overheated is not proven; nor, indeed, has it been proven that an overheated stove caused the fire, unless this be a proper case for the application of the doctrine of res ipsa loquitur, which obviates the necessity of proof rather than supplies it.

"Negligence will not be presumed from the mere fact of injury, when that fact is as consistent with the presumption that it was unavoidable as it is with negligence; and therefore, if it be left in doubt what the cause of the accident was, or if it may as well be attributable to the act of God or unknown cause as to negligence, there is no such presumption." 20 R. C. L. 185.

However, "it is also true that some accompanying elemental facts have long been deemed to be sufficient proof of negligence to establish a prima facie case in favor of a person maintaining an action therefor. The presumption arises, it has been said, from the inherent nature and character of the act causing the injury. Presumptions arise from the doctrine of probabilities. The future is measured and weighed by the past, and presumptions are created from the experience of the past. Literally, the expression res ipsa loquitur means 'the thing itself speaks.'" 20 R. C. L. 187.

This doctrine or principle of res ipsa loquitur has a widespread application; and no useful purpose would be served by multiplying illustrations. Generally, however, it may be said:

"When the physical facts of an accident themselves create a reasonable probability that it resulted from negligence, the physical facts are themselves evidential and furnish what the law terms 'evidence of negligence in conformity with the maxim res ipsa loquitur.'" 29 Cyc. 592.

[3] When one attempts, however, to apply this doctrine to a case involving damages caused by fire, one finds that, "at common law, one whose house or building was burned by accident is liable

for the injury to his neighbor's property caused by the fire communicated from such burning house or building"; but, before the American Colonies separated from the Mother Country, "the recognized hardship of this rule led to the passage of an act of Parliament providing that no action should be maintained against any person in whose house or chamber any fire should accidentally begin, and no recompense be made by him for any damage occasioned thereby"; and it is now the general rule in this country that, "when a fire accidentally starts on the premises of a private owner of property, he is not, in the absence of a statute to the contrary, liable for the damages caused by its communication to the property of another unless it started through his negligence." 11 R. C. L. 940 and 941.

[4, 5] Consequently, we find that, when this doctrine of res ipsa loquitur is applied to fires, "the general rule is that the destruction of property by fire does not raise a presumption of negligence either in the kindling or the management of the fire. The case of fires caused by sparks emitted from locomotive engines is an exception to this rule." 29 Cyc. 595. In other words, the doctrine of res ipsa loquitur is an exception to the rule that "one who seeks to recover of another on the ground of negligence on the part of that other, assumes the burden of maintaining, not only the negligence complained of, but that such negligence has occasioned him loss." 20 R. C. L. 195. Certain fires have, by statute, been included within this exception to the general rule of requiring negligence to be proven; but fires such as complained of in plaintiff's complaint do not come within that exception.

[6] Assuming that it be true that the peculiar defects of this stove rendered it possible for it to be overheated; there is yet no proof that the stove either did become overheated—excepting the presumption which we have heretofore considered—or that, if the stove did become overheated, it caused the destruction of the building. Despite the defects in the stove, the fire may have been set intentionally. There may have been an explosion in the stove in no wise caused by any defects of the stove, which scattered fire in the room in which the stove was standing, or an explosion which, through the other opening in the chimney, scattered fire on the goods stored in the adjoining room. In fact, there is evidence on the part of respondent's own witnesses which would as readily

support a theory that the fire had its beginning in the adjoining room as the theory that the fire had its beginning in the room in which the stove stood.

For these reasons, the judgment for plaintiff and the order denying appellant's motion for a new trial should be reversed, and cause remanded for new trial, and it is so ordered.

CAMPBELL, P. J., and GATES, POLLEY, and SHERWOOD, JJ., concur.

BURCH, J., disqualified and not sitting.