No. 37,615

BAIRD A. HILL, W. H. HILL, and BILLIE HILL, *Appellants*,
v. NORMAN LEICHLITER, *Appellee*.

(211 P. 2d 433)

Opinion filed November 12, 1949.

*Marion Beatty,* of Topeka, argued the cause, and *Harry K. Allen,* and *L. M. Ascough,* also of Topeka, and *Lloyd H. Vieux,* of Atwood, were with him on the briefs for the appellants.

*Robert J. Lewis,* of Atwod, argued the cause, and *C. A. P. Falconer,* also of Atwood, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ARN, J.: This is a damage action to recover for loss of a standing wheat crop which was destroyed by fire. The jury's verdict was for defendant and plaintiffs appeal. The facts may be sufficiently noted from the following résumé of the pleadings.

In the second amended petition, plaintiffs allege they are resi-

dents of Rawlins county, Kansas, and are co-owners of a wheat crop located on a tract of land in that county; that the defendant is a resident of the same county and engaged in the business of selling and repairing combines; that on July 10, 1946, plaintiffs were engaged in harvesting their wheat crop with a combine harvester-thresher, when the defendant at the request of the plaintiffs came to the wheat field for the purpose of inspecting and repairing the combine which defendant had sold to the plaintiffs; that on his arrival, defendant drove his automobile into the field through the dry and highly inflammable wheat stubble; that after driving about twenty rods into the wheat field, fire or sparks from the automobile came in contact with straw which had accumulated on the under part of defendant's vehicle and the stubble burst into flame which spread into the field and destroyed and burned 73½ acres of unharvested wheat. The petition further alleges that the wheat stubble, which had value as a fertilizer for the next year's crop, was also destroyed; that the proximate cause of plaintiffs' loss was the careless and negligent manner in which defendant operated his automobile in driving it through the straw and stubble when it was unnecessary for him to do so and when he should have known that it was unsafe to do so, and when he knew or should have known that there was danger of igniting the inflammable stubble. It was alleged that plaintiffs' damage amounted to, and plaintiffs ask recovery of $5,971.87 for the wheat destroyed, and $210 for destruction of the wheat stubble.

The defendant's answer contained a general denial and admitted plaintiffs' ownership of the wheat crop; alleged that it was being harvested on July 10 with a combine sold to the plaintiffs by defendant; that defendant was in the act of driving his car through the stubble for the purpose of taking his tools and equipment to the location of the combine for the purpose of making an inspection at plaintiffs' request; that after he had driven into the wheat stubble, a fire was discovered and the unharvested wheat was burned so that the net value of the wheat destroyed was $5,971.87. The answer continued as follows:

"5. Defendant alleges that at the time of said fire of July 10th, 1946, the plaintiffs had fire insurance on said field of wheat, issued to them by The Home Insurance Company of New York on June 15th, 1946, insuring said field of wheat against destruction by fire in any amount up to $10,000.00 (Ten Thousand Dollars), and that said insurance was written for plaintiffs by E. C. Mellick of Atwood, Kansas, who was at said time, the agent of The Home

Insurance Company of New York, for the writing of fire insurance on fields of wheat and other property and that the said burning of said wheat on July 10th, 1946, was reported by the plaintiffs to said E. C. Mellick, agent of The Home Insurance Company of New York, as alleged, and that said company on or about August 12th, 1946, paid the plaintiffs the said sum of $5,971.87 in full payment of all damages claimed by plaintiffs to have been sustained by them because of said fire.

"6. Defendant specifically denies that the plaintiffs sustained any damages or loss over and above said sum of $5,971.87, so paid to them by said Insurance Company, as hereinbefore set out. Defendant further specially denies each and every allegation and all matter contained in Paragraph 4 of Plaintiffs' second amended petition.

"7. Said defendant, Norman Leichliter, therefore alleges that the plaintiffs have not sustained the damages, or any of the damages alleged by them, because of said fire, and that said insured wheat which was burned did not have any value exceeding the amount of the insurance paid to plaintiffs as hereinbefore alleged, and that plaintiffs have no legal right to maintain this action because they are not the real parties in interest."

Plaintiffs filed a motion to strike the above quoted paragraphs 5, 6 and 7 of the answer for the reason that such paragraphs did not constitute a defense to the plaintiffs' second amended petition, and this motion was by the trial court overruled.

Plaintiffs' reply consisted of a general denial of new matter contained in the answer and continued with the following allegations:

1. "Plaintiff admits that at the time of the fire, on July 10, 1946, the plaintiff was insured, as alleged in paragraph 5 of defendant's answer, and that plaintiff has received full compensation for the amount of his loss, as alleged in paragraph 6 of said answer; plaintiff states that this action is brought by plaintiff for the use and benefit of the Home Insurance Company of New York against the defendant wrongdoer, who caused said loss.

2. "Further replying to defendant's answer, plaintiff states that at the time of the fire, on July 10, 1946, above referred to, the defendant had an automobile liability policy of insurance in the Hardware Mutual Casualty Company, of Stevens Point, Wisconsin, and that under the terms and provisions of said policy, said insurance company agreed and was bound to indemnify defendant from any liability to third persons, arising from the negligent operation of defendant's automobile, and that said Hardware Mutual Casualty Company, under the terms of their policy, would be obligated to pay any judgment that plaintiff might recover against defendant in this action."

A motion to strike the second and last paragraph of plaintiffs' reply was filed by the defendant for the reason that it was irrelevant, immaterial and incompetent, and did not constitute a denial or admission of any of the allegations of defendant's answer. This motion was sustained and said paragraph two was stricken from plaintiffs' reply.

Upon these pleadings a trial was had. The record before us indicates that the jury was fully instructed, but the court's instructions are not abstracted. The jury's verdict rendered on November 10, 1948, was for the defendant, and nine special questions submitted by the court were answered thus:

"1. Did defendant's automobile set fire to and destroy plaintiffs' wheat? A. Yes.

"2. Did the defendant know of the danger of a motor vehicle, such as he was driving, setting fire to plaintiffs' stubble when he drove into it? A. Yes.

"3. Did the defendant know or should have known that there was likelihood that a fire would result from his driving his automobile into the stubble field of plaintiffs on a hot dry day? A. No.

"4. Did the defendant's lack of due care in driving into the stubble field cause the plaintiffs' wheat to be destroyed? A. No.

"5. Did the defendant deliberately drive into plaintiffs' stubble field? A. Yes.

"6. Was the act of the defendant of driving into plaintiffs' field the proximate cause of plaintiffs' damage? A. Yes.

"7. Could the defendant, Norman Leichliter, by the use of ordinary care and prudence, on July 10, 1946, have foreseen that the wheat stubble of plaintiffs would be set afire by his automobile in driving through it? A. No.

"8. Was the combine of plaintiffs entirely surrounded by standing wheat or stubble when the defendant came to the plaintiffs' wheat field on July 10, 1946? A. Yes.

"9. Was it necessary for the defendant, Norman Leichliter, to drive his automobile through either stubble or standing wheat to get his repair equipment and tools to plaintiffs' combine? A. No."

Plaintiffs in due time filed a motion for judgment upon the special findings notwithstanding the verdict, and also a motion for new trial, both of which motions were overruled, and plaintiffs appeal. None of the grounds which were made the basis for the motion for new trial are urged in this appeal, except "the erroneous rulings of the court." In complaining of such erroneous rulings, appellant argues that the motion for new trial should have been sustained because the jury's answers to the special questions are irreconcilably inconsistent. This will be discussed in connection with appellants' other contentions.

Appellants contend:

1. Plaintiffs' motion for judgment on the special findings notwithstanding the verdict should have been sustained and judgment rendered thereon for the plaintiffs;

2. The trial court erred in overruling plaintiffs' motion to strike paragraphs 5, 6 and 7 from defendant's answer; and

3. The trial court erred in sustaining defendant's motion to strike the second and last paragraph from plaintiffs' reply.

Appellants argue that the special findings of the jury cannot be harmonized; that the answer to special question number 2 is inconsistent with the answers to questions 3 and 7 and the answer to question number 4 is inconsistent with the answer to question number 6. Appellants then contend that by the jury's answer to question number 2, it in effect found that the defendant was guilty of negligence, but it is difficult for us to give that effect to this special finding. Most anyone with a meager knowledge of harvesting operations might know that there is always some danger of an automobile, a combine, or any other gasoline propelled vehicle setting fire to dry wheat stubble while moving along through the stubble under its own motive power—but the danger of that possibility is accepted by everyone as being inherent in the business of carrying on a wheat harvest. The defendant in all probability was cognizant of this danger and perhaps he did know that there was some danger of a fire when driving a car through dry wheat stubble. While this may have been true, he may not have known that a fire was *likely to result*. His act of driving into the wheat stubble was one that is customary in the harvest fields—and it is common knowledge that a fire is not anticipated or expected to be the likely result every time a gasoline propelled vehicle moves across wheat stubble. That is to say, the realization that there may be some danger in this connection does not necessarily imply that the defendant in driving through the field, by the use of ordinary care and prudence, should have expected a fire to be the natural and probable result of his act. Consequently, the answer to special finding number two is not inconsistent with the answers to special questions numbered three and seven.

It is next urged by appellants that insofar as the inconsistency between answers four and six is concerned, number four is in the nature of a conclusion and should give way to finding number six. According to special finding number six, the defendant's act of driving into the wheat stubble was the proximate cause of the fire. This is not denied by defendant. But to be the basis for a judgment for damages, the act constituting the proximate cause of the loss and damage must be a negligent act. Findings numbered four and six, taken together, clearly indicate the jury recognized defendant's act of driving his car into the wheat stubble as being

the proximate cause of the fire, but found in answer to question number four that such act of the defendant was not the result of any lack of due care on his part—that is to say, it was not a negligent act. When thus analyzed, these answers are not inconsistent with each other. None of the special findings of the jury are to the effect that defendant failed to use ordinary care and prudence. In fact, finding number four completely excuses him from any lack of ordinary care or prudence. Appellants, in effect, now ask this court to say that the defendant's act of driving into the wheat field was negligence as a matter of law, and, under the circumstances here, requires a judgment in favor of plaintiffs notwithstanding the jury's findings. This we should not and cannot do. Furthermore, we are bound to follow the well established rule that special findings must be given such construction, if possible, as will bring them in harmony with the general verdict (*Marley v. Wichita Transportation Corp.*, 150 Kan. 818 [Syl. ¶ 2, and cases cited, p. 822], 96 P. 2d 877; *Jilka v. National Mutual Cas. Co.*, 152 Kan. 537 [Syl. ¶ 4], 106 P. 2d 665). It is not difficult to harmonize the general verdict and the special findings in the instant case.

Aside from any question as to harmonizing the special findings and the general verdict, there is another matter deserving some attention. Paragraph five of defendant's answer, quoted above, alleges in effect that plaintiffs are not the real parties in interest because they have been compensated in full for their loss by the Home Insurance Company of New York in the amount of $5,971.87. Paragraph six of the answer also specifically denies that plaintiffs sustained any damage or loss over and above the said sum of $5,971.87 so paid to plaintiffs by the insurance company. Paragraph one of plaintiffs' reply then admits that plaintiffs were insured as alleged in paragraph five of defendant's answer and that plaintiffs have received full compensation for the amount of their loss as alleged in paragraph six of said answer. From this admission by plaintiffs, we are compelled to the conclusion that plaintiffs' only loss was $5,971.87, for which amount plaintiffs have received full compensation as set out in paragraphs five and six of defendant's answer. That being true, the Home Insurance Company of New York and not plaintiffs were the real parties in interest in the prosecution of this action; and by making such admission in their reply, plaintiffs pleaded themselves out of court.

In this connection, appellants contend that plaintiffs' petition

alleged a $210 loss for destruction of wheat stubble in addition to the loss of grain, and under the rule announced in *City of New York Ins. Co. v. Tice*, 159 Kan. 176, 186, 152 P. 2d 836, 157 A. L. R. 1233, the property owner, where he has not received *full compensation* for his loss, is a real party in interest although he has been *partially* reimbursed from a third party source. But this argument ignores the admission contained in plaintiffs' reply that "plaintiff was insured, as alleged in paragraph 5 of defendant's answer, and that plaintiff has received *full compensation* for the amount of his loss, as alleged in paragraph 6 of said answer." · (Emphasis supplied.)

We are not concerned with any motion by defendant for judgment on the pleadings since none was filed, and defendant has not appealed. We assume, however, that the jury was fully instructed (instructions not abstracted) upon the rule of law that plaintiff must have a beneficial interest in the action and be the real party in interest as provided in section· 60-401, G. S. 1935. Counsel for both parties frankly stated in oral argument before this court that no evidence whatever was offered at the trial as to any damage to wheat stubble nor as to any loss or damage to plaintiffs other than the $5,971.87 grain loss. Plaintiffs' lack of beneficial interest was pleaded as a defense, and if there was any factual issue on that point, the jury under proper instructions was justified in concluding, as it must have concluded, that the plaintiffs were not the real parties in interest—and this would sustain the general verdict and the judgment rendered by the trial court irrespective of any of the nine special findings. No special findings were made upon this issue but the general verdict was for the defendant.

As heretofore indicated, appellants filed a motion to strike from defendant's answer all of paragraphs five, six and seven which contain the allegations that plaintiffs had received full compensation in the sum of $5,971.87 from the Home Insurance Company for their wheat loss and by reason thereof plaintiffs were not the real parties in interest and have not sustained any damage by reason of the alleged acts of defendant. This motion was overruled and appellants complain of error in such ruling. It was proper pleading on the part of defendant to set up this defense in his answer, and plaintiffs' motion was properly overruled. (*Klingberg v. Atchison, T. & S. F. Rly. Co.*, 137 Kan. 523 [Syl. ¶ 1], 21 P. 2d 405; *Krol v. Coryell*, 162 Kan. 198, 175 P. 2d 423; *Gibbs v. Central Surety & Ins. Corp.*, 163 Kan. 252 [Syl. ¶ 3, and cases cited, p. 259], 181 P. 2d 520; *Elam v. Bruenger*, 165 Kan. 31, 37, 193 P. 2d 225.)

Apparently upon the premise that if defendant may plead "insurance" the plaintiffs should also be permitted to do so, plaintiffs' reply contained the allegation that defendant had an automobile liability policy on the car which he had driven into the wheat stubble, and that his insurance company would be obligated to pay any judgment which might be rendered against defendant in this action. Defendant moved to strike that last paragraph of the reply and his motion was sustained by the trial court. Appellants also complain of and have appealed from that ruling. However, with commendable frankness, appellants concede that under the decisions of this court (*Powell v. Kansas Yellow Cab Co.*, 156 Kan. 150 [Syl. ¶ 3, and cases cited, pp. 153-155], 131 P. 2d 686), it is improper to inject into an automobile negligence case (with certain exceptions involving licensed carriers) the inference that any judgment rendered will be paid by an insurance company rather than by defendant. Appellants' argument is that this court should here and now modify this long established rule, particularly in a case such as this, because it is difficult to obtain a fair and impartial jury trial where the fact of plaintiffs' insurance coverage is pleaded in defendant's answer but the fact of defendant's insurance coverage is stricken from plaintiffs' reply.

Obviously the allegation of the reply that defendant had automobile insurance coverage did not amount to a denial or defense, generally or specifically, of any new matter set forth in the answer (G. S. 1935, 60-717). Nor is it sound argument to contend that an allegation of defendant's automobile liability insurance coverage is proper in the reply merely because defendant was permitted in his answer to raise the issue as to whether plaintiffs were the real parties in interest. The two situations are entirely different. There is a sound basis under the rules of pleading for the one allegation being immaterial and the other being material to the issues involved. On the one hand we have plaintiffs bringing an action in which they have no interest whatever. Their action is for a claim already paid to them in full by a third party, who is subrogated to whatever rights plaintiffs may have had, and which third party is now the real party in interest. On the other hand, we have a defendant who is singularly obligated to pay any judgment rendered against him. Defendant would not be excused from that obligation by the mere promise of some third party to pay it or any part of it for him, if and when the judgment becomes final. The promise of a liability insurance company to pay any judgment rendered

against defendant is a matter of contract between the defendant and the insurance company, the terms of which may or may not be carried out. Such an executory promise to defendant is entirely different from the completely executed transfer of interest in the pending litigation from plaintiffs to their insuror. There is no merit to appellants' contention that the appellee Leichliter was not the (to use appellants' phrase) "real defendant in interest." These rules of pleading are so well settled by decisions of this court cited above that we are bound to follow them here.

The judgment of the district court is affirmed.