J. Irwin Shapiro, J.
This is a motion in a negligence action ‘ ‘ for an Order, dismissing the complaint herein and directing that judgment to that effect be entered herein in favor of the defendant under provisions of Rule 113 of the Rules of Civil Practice on the ground that the action has no merit.”
While the defendant is not limited in moving for summary judgment to actions enumerated in the nine subdivisions of *75 rule 113 of the Buies of Civil Practice, for the rule expressly permits it to move in any other action if the defense set forth “ is sufficient as a matter of law ” and “ is founded upon facts established prima facie by documentary evidence or official record ’ ’ and a general denial has been held to constitute such a defense (Levine v. Behn, 282 N. Y. 120), the defendant’s motion in this personal injury action may not be granted.
Whether this case requires the application of the general rule that the owner of any premises owes the duty of reasonable care, either to provide a safe place in which to work or to warn of any unusual danger, or whether it requires the application of either of the two exceptions to that rule, may be determined only upon the full development of the facts possible only at a trial. These exceptions, as stated by our Appellate Division in Paid v. Staten Is. Edison Co. (2 A D 2d 311, 322) are (a) “ where the structure is defective and the workman is employed for the specific purpose of correcting or repairing the defect ”, or (b) “ ‘ “ the prosecution of the work itself makes the place and creates the danger ” ’ ”.
It should be remembered that the key to summary judgment procedure is issue-finding rather than issue-determination, and when any doubt exists as to the presence of triable issues, this drastic remedy may not be granted. (Sillman v. Twentieth Century-Fox Film Corp., 3 N. Y. 2d 395, 404.)
A motion for summary judgment is not ordinarily a proper vehicle for use in a negligence action, for in that type of ease so much depends on the precise place of occurrence, the respective actions of plaintiff and defendant and the inferences that may be drawn therefrom by a trier of the facts. The mere fact that two diverse conclusions may be drawn from the same set of facts — either one sustainable — is proof conclusive that unless a cause of action in negligence is completely and inescapably demolished as a matter of law, summary judgment must be denied.
In the case before the court, despite the earnest plea of the defendant in a very well-written brief, the parties are in dispute on the exact locale of the accident and its cause. Thus the defendant reads the record as showing that plaintiff was injured solely by reason of the falling of a wall during the course of the building demolition by plaintiff’s employer, and that the building was owned by the latter and not by the moving defendant.
On the other hand, plaintiff contends that the defendant owed plaintiff a duty of reasonable care because, while it did not own the building of which the falling wall was a part, it did own the land on which the building stood, was not out of possession *76 and control, had its own caretaker on the premises, and that there are several causes of the accident, any one of which would be sufficient to cast the defendant in liability.
Thus the plaintiff contends that a trier of the facts might find as one of the concurring causes of the accident that the plaintiff was not given a safe place to work — by defendant — who, so it is claimed, owed him a nondelegable duty (Restatement, Torts, § 202; Wohlfron v. Brooklyn Edison Co., 238 App. Div. 463, affd. 263 N. Y. 547); or that negligence might be found by a trier of the facts upon the ground that defendant, who owned the land upon which the accident occurred, permitted the accumulation of a“ large amount of debris and dirt to be and remain in the said premises ” and that such improper and dangerous accumulation may have been the cause of depriving the plaintiff of ability to make a safe departure when in the emergency created by the falling of the wall he had to leave the premises in a great hurry and had need for a safe and unimpeded exit.
Were the ‘ ways and approaches” (Haefeli v. Woodrich Eng. Co., 255 N. Y. 442) encumbered; did such encumbrances prevent the plaintiff from reaching a place of safety? These and other questions can only be answered at a trial after hearing the testimony and passing upon the credibility of witnesses. It is only when ‘ there is in truth nothing to be tried ” (Curry v. Mackenzie, 239 N. Y. 267, 270), that a summary judgment may be ordered.
The motion is denied. Submit order.