MOUTRY and another, Plaintiffs and Appellants, v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY,
Defendant and Respondent: YOUNG and another, De-
fendants.

*June 6—June 30, 1967.*

For the appellants there was a brief and oral argument by *Sidney Spector* of Milwaukee.

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Donald R. Peterson* and *George W. Greene, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Peterson.*

CURRIE, C. J. The sole issue on this appeal is whether the automobile furnished Young was for his regular use.

The firmly established rules governing summary judgment have been set forth in detail in recent decisions [1] and need not be reiterated herein. Suffice it to say if the material facts are not in dispute and the inferences which may reasonably be drawn from such facts lead to but one conclusion, only a matter of law is presented which should be decided upon the motion for summary judgment.[2] Where issues are legal rather than factual summary judgment is proper.[3]

Whether the automobile furnished Young was for his "regular use," as that term is defined in the policy issued to Young by American Mutual, on the state of the record is a question which was proper for determination upon American Mutual's motion for summary judgment.

The policy of insurance, the pertinent parts of which are quoted in American Mutual's answer, contains the following provisions:

"Liability Coverage. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, *arising out of the* ownership, maintenance or *use of* an owned automobile or *a non-owned automobile,* . . .

"Definitions . . . 'non-owned automobile' means an automobile not owned by *or furnished for the regular use*

[1] See *Skyline Construction, Inc., v. Sentry Realty, Inc.* (1966), 31 Wis. (2d) 1, 4, 141 N. W. (2d) 909; *Leszczynski v. Surges* (1966), 30 Wis. (2d) 534, 538–540, 141 N. W. (2d) 261.

[2] *Bond v. Harrel* (1961), 13 Wis. (2d) 369, 372, 108 N. W. (2d) 552; *Rabinovitz v. Travelers Ins. Co.* (1960), 11 Wis. (2d) 545, 105 N. W. (2d) 807.

[3] *Pattermann v. Whitewater* (1966), 32 Wis. (2d) 350, 359, 145 N. W. (2d) 705; *State ex rel. State Bar v. Keller* (1962), 16 Wis. (2d) 377, 382, 114 N. W. (2d) 796, 116 N. W. (2d) 141; *Phillips Petroleum Co. v. Taggart* (1955), 271 Wis. 261, 270, 271, 73 N. W. (2d) 482.

of either *the named insured* or any resident of the same household, but 'non-owned automobile' does not include a 'temporary substitute automobile.'

"Definitions . . . 'temporary substitute automobile' means an automobile not owned by the named insured or any resident of the same household, while temporarily used as a substitute for an owned automobile *when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction.*" (Emphasis supplied.)

It is patently clear the automobile in question was not a "temporary substitute automobile" as that term is defined above. Young owned an automobile which was in good operating condition and in normal use.

With respect to the policy provision excluding coverage where a nonowned automobile is furnished an insured for his "regular use" the Fourth circuit court of appeals in *Campbell v. Aetna Casualty & Surety Co.*[4] quoted with approval the following from *Aler v. Travelers Indemnity Co.:*[5]

"The general purpose and effect of this provision of the policy is to give coverage to the insured while engaged in the only infrequent or merely casual use of an automobile other than the one described in the policy, but not to cover him against personal liability with respect to his use of another automobile *which he frequently uses or has the opportunity to do so.*" (Emphasis supplied.)

In *Farm Bureau Mut. Automobile Ins. Co. v. Boecher*[6] an automobile salesman was involved in an accident while driving one of the company's automobiles available for sale. He was authorized to use any of the company's secondhand automobiles, but at the time of the accident was driving a vehicle which he had not previously driven. The court found the automobile was "furnished for his regular use" within the exclusionary clause of the policy.

[4] (4th Cir. 1954), 211 Fed. (2d) 732, 736.

[5] (D. C. Md. 1950), 92 Fed. Supp. 620, 623.

[6] (1942), 37 Ohio L. Abs. 553, 48 N. E. (2d) 895.

The court said the automobile was in the same category as any and all the other used automobiles and could have been used by him not only on the occasion in question but whenever he desired to do so.

The Colorado supreme court in *Iowa Mut. Ins. Co. v. Addy* [7] was confronted with a situation involving an insurance adjuster who was furnished an automobile for business purposes which he kept at his house when he was home nights. He owned an automobile which was insured with Iowa Mutual under a policy which provided coverage while driving another automobile unless it was furnished for his regular use. On Thanksgiving day he took the company automobile on a trip accompanied by his wife and children. An accident occurred. The court held the automobile involved was furnished for the regular use of the insured and therefore not covered by the policy.

Also of note is *Voelker v. Travelers Indemnity Co.* [8] wherein the Seventh circuit court of appeals held that a "regular use" clause excluded coverage where the insured was driving a truck as a member of the National Guard while on summer maneuvers for two weeks.

Lastly, in *Le Mense v. Thiel* [9] this court, in affirming a summary judgment in favor of a defendant insurance company, held an automobile which belonged to a used car lot operator and of which the operator's employee was permitted practically unlimited use was "furnished for the regular use" of the employee within the exclusionary provisions of the automobile policy in question.

Under the foregoing decisions, as applied to the case at bar, it is manifest the automobile furnished Young without restriction and for an indefinite period was "furnished for his regular use" and was therefore within the exclusionary provisions of the policy of insurance issued

[7] (1955), 132 Colo. 202, 286 Pac. (2d) 622.

[8] (7th Cir. 1958), 260 Fed. (2d) 275.

[9] (1964), 25 Wis. (2d) 364, 130 N. W. (2d) 875.

to Young by defendant American Mutual. That Young used the automobile as a mode of transportation to and from his employment and apparently not on other occasions does not negate a finding of "regular use." We deem the fact that he used the automobile unreservedly in commuting to and from Kenosha sufficient to establish "regular use."

As a final point plaintiffs argue it was improper for the trial court to consider the pleadings in addition to the affidavits filed in support of and in opposition to defendant American Mutual's motion for summary judgment. The importance of this argument lies in the fact that the provisions of the policy of insurance issued to Young are set forth only in American Mutual's answer and not in its affidavit in support of the motion for summary judgment.

In *Home Savings Bank v. Bentley* [10] this court said:

". . . upon a motion for summary judgment the evidentiary facts set forth in an affidavit completely supplant any allegations or denials in the pleadings *to the contrary*." (Emphasis supplied.) [11]

In *Leszczynski v. Surges* [12] the same principle is stated in the following language:

"Pleadings are ineffectual as proof because facts stated in an affidavit take precedence over *inconsistent allegations* in a pleading." (Emphasis supplied.)

Here there was no inconsistency between the affidavits filed with respect to the motion for summary judgment and that portion of American Mutual's answer setting forth the provisions of its policy. It was therefore entirely proper for the trial court to look to the answer to

[10] (1958), 5 Wis. (2d) 19, 23, 92 N. W. (2d) 377.

[11] In accord: *Steeno v. Wolff* (1961), 14 Wis. (2d) 68, 73, 109 N. W. (2d) 452; *Weber v. Hurley* (1961), 13 Wis. (2d) 560, 562, 109 N. W. (2d) 65.

[12] (1966), 30 Wis. (2d) 534, 539, 141 N. W. (2d) 261.

ascertain the protection afforded Young while driving a nonowned automobile under the policy issued by defendant American Mutual.

*By the Court.*—Judgment affirmed.

HANLEY, J., took no part.