BEARRY, Respondent v. BRENSING, Appellant

(182 N.W.2d 655)

(File No. 10758. Opinion filed December 31, 1970)

**Martens, Goldsmith, May, Porter & Adam,** Pierre, for defendant and appellant.

**Stephens, Riter, Mayer & Hofer,** Pierre, for plaintiff and respondent.

RENTTO, Judge.

Plaintiff, a rancher in the Murdo-Draper area of central South Dakota, had hired the defendant, a custom combiner from Oklahoma, to harvest his 1968 grain crop. In the course of the operation defendant drove a truck hauling threshed wheat away from the combines. In so doing he drove it into a stubble area that had been combined and parked. Very soon a fire broke out apparently under the truck. It destroyed about 60 acres of standing wheat crop before it was put out.

Claiming that the fire resulted from the negligence of the defendant he brought this action to recover for the loss. In his answer defendant denied that he was negligent. On the trial he urged this claim by moving for a directed verdict on the ground that the evidence was insufficient to warrant submitting the issue of negligence to the jury. This was denied and the jury returned a verdict for plaintiff. Defendant then moved for judgment notwithstanding the verdict on the ground relied on in his motions for a directed verdict. This was denied and judgment entered on the verdict. From that defendant prosecutes this appeal.

Brensing had been a custom combiner and trucker for about 30 years. As a combiner he followed the harvest north each year. He usually started in Oklahoma in June and terminated his annual combining activities in Canada each fall. During the last 14 or 15 years they had taken him through central South Dakota, and during the past 10 to 12 years he has combined for the plaintiff.

In 1968 his equipment consisted of three combines, two pickups, four trucks, and trailers which were used for sleeping quarters. On Thursday and Friday, July 18th and 19th, his crew started to combine plaintiff's grain but it was too wet. They commenced again about noon on Saturday when they combined 10 to 15 acres. They continued again after noon on Sunday the 20th, the day of the fire. Plaintiff stopped by and observed their operation for about an hour that day. The grain was being cut to leave a stubble about 18 inches to two feet in height. This is customary and was the height they had cut it in previous years. The stubble is left high to minimize the amount of straw going through the machine. This contributes to a recovery of more of the grain.

In harvesting the field involved the combines went around the outside of it on all sides, which apparently is the usual manner of performing such work. Several trucks were hauling the harvested grain from the combines to the elevator in Ft. Pierre. At a time when these trucks were occupied away from the field the defendant secured an empty truck and picked up grain from the combines. He then drove it to the middle of the north side and parked it in a stubble covered area near the standing wheat.

He remained seated in the truck. The fire occurred very soon after he parked, but he did not see it start. His first knowledge of it was when he noticed the smoke and soon saw flames come up the side of the truck from the wheels. He promptly drove the truck away from the fire area and assisted in its suppression. Fire departments from several neighboring towns succeeded in extinguishing it.

Civil liability for some of an individual's acts has its basis in SDCL 20-9-1. That section provides:

"Every person is responsible for injury to the person, property, or rights of another caused by his willful acts or caused by his want of ordinary care or skill, subject in the latter cases to the defense of contributory negligence."

Manifestly we are here concerned with only liability for injury caused by a person's want of ordinary care or skill. This is the basis of negligence. The burden is upon the one who seeks to recover because of negligence to prove it. The mere happening of a fire with resultant injury raises no presumption of negligence, either in the kindling or management of it. Lezotte v. Lindquist, 51 S.D. 97, 212 N.W. 503; Smith v. Gilbert Yards, 70 S.D. 246, 16 N.W.2d 912. Nor is defendant's statement that he thought it started from the exhaust an admission of negligence. It was for the plaintiff to prove that the fire was negligently kindled.

There are jurisdictions which allow a party injured by fire to avail himself of the evidentiary doctrine of res ipsa loquitur in carrying such burden. 8 A.L.R.3d 974. However, in cases of this kind our law does not permit him that assistance. In Lezotte v. Lindquist, supra, this court held that negligence in fire cases generally could not be established by raising a presumption under the doctrine of res ipsa loquitur. Our rule is that with the single exception of fires caused by sparks emitted from locomotive engines, res ipsa loquitur does not apply to cases involving damage or injury by fire. An instruction on the doctrine was neither given nor requested. Since plaintiff does not have the benefit of res ipsa loquitur in establishing negligence he is compelled to rely on proof of specific acts. In the complaint it was alleged that defendant negligently allowed straw to accumulate on the exhaust system of the truck thereby starting the fire. No evidence of this was submitted or offered at the trial. Further, there appears to be no claim that the muffler or any other parts of the exhaust system were otherwise defective. See Behrens v. Gottula, 160 Neb. 103, 69 N. W.2d 384.

In his brief plaintiff states that defendant's negligence consisted of "driving the truck into the wheat field cut to a

height of 18 inches on a dry and windy day". In its instructions defining the issues the court told the jury plaintiff's claim was that defendant had negligently started the fire without any specification. An act is negligent if the actor realizes or should realize that it is likely to affect the conduct of another in such a manner as to create an unreasonable risk of harm to the other. Restatement of the Law—Torts, § 303. In other words his concern should be with consequences that are foreseeable. Foreseeability is an element of the duty aspect of negligence. Rikansrud v. City of Canton, 79 S.D. 592, 116 N.W.2d 234. From this it follows that no one is required to guard against or take measures to avert that which a reasonable person under the circumstances would not anticipate as likely to happen. Fetzer v. Aberdeen Clinic, 48 S.D. 308, 204 N.W. 364. Plaintiff's position is that the fire which erupted under the truck was foreseeable. This view has been judicially rejected.

In deciding the issue in Hill v. Leichliter, 168 Kan. 85, 211 P.2d 433, the Supreme Court of Kansas wrote:

"Most anyone with a meager knowledge of harvesting operations might know that there is always some danger of an automobile, a combine, or any other gasoline propelled vehicle setting fire to dry wheat stubble while moving along through the stubble under its own motive power—but the danger of that possibility is accepted by everyone as being inherent in the business of carrying on a wheat harvest. The defendant in all probability was cognizant of this danger and perhaps he did know that there was some danger of a fire when driving a car through dry wheat stubble. While this may have been true, he may not have known that a fire was **likely to result.** His act of driving into the wheat stubble was one that is customary in the harvest fields—and it is common knowledge that a fire is not anticipated or expected to be the likely result every time a gasoline propelled vehicle moves across wheat stubble. That is to say, the realization that there may be some danger in this connection does not necessarily

imply that the defendant in driving through the field, by the use of ordinary care and prudence, should have expected a fire to be the natural and probable result of his act." (Emphasis by the Kansas court)

The New Mexico Supreme Court, in disposing of a like contention, said the Kansas court was correct in Hill in stating that a fire is not anticipated or expected to be the likely result of driving a gasoline propelled vehicle across wheat stubble. Clark v. Cassetty, 71 N.M. 89, 376 P.2d 37. We concur in that view.

Since the evidence viewed most favorably to the plaintiff does not support the verdict, we hold that the court erred in denying defendant's motion for judgment notwithstanding it. The judgment appealed from is reversed with directions to enter judgment for the defendant.

All the Judges concur.

WUEST, Circuit Judge, sitting for ROBERTS, P. J., disqualified.