JONES and wife, Plaintiffs, v. PERKINS, and another, Defendants-Appellants and Third-Party Plaintiffs: CALL and another, Defendants: AETNA CASUALTY & SURETY COMPANY, Third-Party Defendant-Respondent.

*No. 75–234. Argued December 1, 1976.—Decided January 6, 1977.*
(Also reported in 248 N. W. 2d 468.)

For the appellants there were briefs by *Pfeil & Graves* of Elkhorn, and *Thomas E. Greenwald* of East Troy, of counsel, and oral argument by *Mr. Greenwald.*

For the respondent there was a brief by *Joseph D. McDevitt* and *Borgelt, Powell, Peterson & Frauen,* and oral argument by *Mr. McDevitt,* all of Milwaukee.

HANLEY, J. Three issues are presented on this appeal:

1. Is the insurer entitled to summary judgment because the vehicle involved was "furnished or available for the regular use" of the insured?

2. Is the insurer entitled to summary judgment on the ground that the insurer failed to give timely notice under the policy?

3. Is the insurer collaterally estopped from challenging the apportionment of negligence?

*Vehicle Furnished for Regular Use*

The insurance policy under consideration in this case provides that

"AETNA CASUALTY will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, *arising out of the ownership, maintenance or use of an owned automobile or a non-owned automobile. . . .*" (emphasis added).

The squad car operated by the insured, Lawrence Call, at the time of the collision in this case was clearly not an "owned automobile," and hence to determine if there is coverage for liability, it is necessary to determine whether the squad car qualified as a "non-owned automobile" under the policy. The policy states:

". . . 'non-owned automobile' means an automobile *not owned by or furnished or available for the regular use of either the named Insured* or any resident of the same household, and includes, while used therewith, a home trailer not owned by the named Insured or a utility trailer, but 'non-owned automobile' does not include a temporary substitute automobile; . . ." (emphasis added).

Thus, if the squad car operated by Call was "furnished or available for the regular use" of Call, then it was not a "non-owned automobile," and no coverage was afforded under the policy while he was driving it.

■ The interpretation and application of the term "regular use" depends upon the particular facts and circumstances in each case, *LeMense v. Thiel*, 25 Wis.2d 364, 367, 130 N.W.2d 875, 876 (1964). As with all factual questions, however, the insufficiency of the proof may be a question of law. Where the material facts are not in dispute, the question of whether a vehicle was "furnished for the regular use" of its driver is proper for determination on a motion for summary judgment. *Moutry v. American Mutual Liability Insurance Co.*, 35 Wis.2d 652, 151 N.W.2d 630 (1967); *LeMense v. Thiel, supra.*

Appellants contend the regular use provision should be interpreted in favor of the insured because it is not clear whether it refers to personal or business use or both. Although some courts have concluded the "regular use" provision is ambiguous, the authorities indicate that the majority of the jurisdictions have not found such an ambiguity but have interpreted the provision in relation to the particular circumstances of each case. *See* 13 *Couch on Insurance* 2d secs. 45:1051, 45:1054 (1965); Annot., 86 A.L.R.2d 937, sec. 6 (1962).

■ This court has previously found this exclusion to be unambiguous. *Giese v. Karstedt*, 30 Wis.2d 630, 634, 141 N.W.2d 886, 888 (1966); *Lontkowski v. Ignarski*, 6 Wis.2d 561, 566–67, 95 N.W.2d 230, 233 (1959). In *Moutry v. American Mutual Liability Insurance Co., supra*, the court noted:

" 'The general purpose and effect of this provision of the policy is to give coverage to the insured while engaged in the only infrequent or merely casual use of an automobile other than the one described in the policy, but not to cover him against personal liability with respect to his use of another automobile which he frequently uses or has the opportunity to do so.' " *Moutry, supra* at 657, 151 N.W.2d at 632, quoting *Campbell v. Aetna Casualty & Surety Co.*, 211 F.2d 732, 736 (4th Cir. 1954).

In the present case Aetna submitted the affidavit of Kenneth Curtis, a captain with the Rock County Sheriff's Department. The evidentiary matters contained in that affidavit must be deemed uncontroverted for the failure of appellant to file counteraffidavits. *Leszcznski v. Surges,* 30 Wis.2d 534, 539, 141 N.W.2d 261, 265 (1966) ; *Hein v. State Farm Mutual Automobile Insurance Co.,* 29 Wis. 2d 702, 706, 139 N.W.2d 611, 613 (1966). In his affidavit Curtis states that he is familiar with the procedures for assigning Rock County Sheriff's Department vehicles to deputy sheriffs and that it was the policy of the department to assign to a patrolman a specific vehicle which "would always be assigned to the same patrolman for his use throughout the course of his duties on any particular day, unless the vehicle were broken down or otherwise out of service." Curtis further states that at the time of the collision in this case deputy sheriff Call was operating Vehicle No. 52 which was the vehicle normally and routinely assigned to Call.

In many cases courts have held an employee's daily use of his employer's automobile to be regular use under this type of exception to automobile liability insurance. *Aetna Casualty & Surety Co. v. Sessions,* 260 S.C. 150, 194 S.E.2d 877 (1973) ; *Franey v. State Farm Mutual Automobile Insurance Co.,* 5 Ill. App.3d 1040, 285 N.E.2d 151 (1972) ; *Seaboard Fire & Marine Insurance Co. v. Gibbs,* 392 F.2d 793 (4th Cir. 1968) ; *Kern v. Liberty Mutual Insurance Co.,* 398 F.2d 958 (8th Cir. 1968) ; *Dickerson v. Millers Mutual Fire Insurance Co. of Texas,* 139 So.2d 785 (La. 1962) ; *O'Brien v. Halifax Insurance Co. of Massachusetts,* 141 So.2d 307 (Fla. 1962).

The case of *O'Brien v. Halifax Insurance Co. of Massachusetts, supra,* involved a factual situation very similar to the instant case. The plaintiff was a police officer who, at the time of the accident in which he was involved, was operating an automobile furnished by the

city police department. On the day of the accident, the plaintiff had operated three different patrol cars which at different times had been assigned to him. Despite the use of different vehicles the court held a jury could only conclude that the patrol car operated by the plaintiff at the time of the accident was furnished for his regular use.

From the facts in the instant case we conclude that the patrol car which deputy Call operated at the time of the collision was furnished to him for his regular use. Not only was a vehicle provided to the deputy on a routine basis, daily for his duties as a deputy sheriff, but also the vehicle assigned was always the same vehicle. The regularity of this use is not diminished by the fact that the vehicle was not available for the personal use of deputy Call, as appellants contend. The policy obviously excepts the squad car from the definition of non-owned automobile, and therefore from coverage. Thus, the trial judge did not commit error by granting the respondent insurer's motion for summary judgment.

In view of the above conclusion, it is not necessary for the court to reach the two remaining issues.

*By the Court.*—Judgment and order affirmed.

DAY, J., took no part.