Jack HUNT, Jennie Hunt and Duane Hannum (# 12008) and Calvin Clavel (# 11994), Plaintiffs and Appellants,

v.

Elmer BRIGGS and Kirby Briggs, Defendants and Respondents.

No. 11994.

Supreme Court of South Dakota.

Argued Nov. 28, 1977.

Decided June 1, 1978.

James Robbennolt of Duncan, Olinger & Srstka, Pierre, for plaintiffs and appellants Jack Hunt, Jennie Hunt and Duane Hannum.

William Quigley and Keith A. Tidball of Tidball & Kemnitz, Pierre, for plaintiff and appellant Calvin Clavel.

Lawrence L. Piersol of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and respondent Elmer Briggs.

Charles M. Thompson of May, Adam, Gerdes & Thompson, Pierre, for defendant and respondent Kirby Briggs.

MORGAN, Justice (on reassignment).

Appellants brought separate actions to recover damages to their several properties caused by fire which spread to the appel-

lants' lands from adjoining land on which the respondents, or their employers, were engaged in haying operations. The two separate cases were joined at the trial court level for purposes of trial and motions, and are joined for appeal purposes. The appellants' complaints, as amended, each stated two "counts," the first alleging simply negligent operations, and the second alleging liability based upon the doctrine of res ipsa loquitur. The respondents, by their respective answers to the complaints, had denied liability, and they moved for judgment on the pleadings as to count two of the amended complaints, and for summary judgment as to count one. The trial court granted summary judgment with respect to both counts in both cases, and these appeals followed. We reverse and remand.

■■■■ The appellants did not respond to respondents' motions by affidavit or brief.[1] SDCL 15-6-56 sets out our summary judgment procedure. The defendants' motions were not supported by any affidavits but incorporated all of the files and records in support of the summary judgment motion as to count one. The motion as to count two was solely a matter of law. SDCL 15-6-56(a) provides that motions for summary judgment may be made with or without supporting affidavits. SDCL 15-6-56(e) provides that when the motion is made *and supported* the adverse party may not rest upon the pleadings, but the response must set forth specific facts showing genuine issues for trial. Failing this, summary judgment, *if appropriate,* shall be entered against him. The depositions incorporated by reference in respondents' motions all indicate that none of the parties deposed knew the cause of the fire. SDCL 15-6-56(e) does not require the appellants to show cause of the fire by specific facts until such time as the respondents have shown by depositions, affidavits, etc., that the fire was caused by something other than their negligence. The cause of the fire was, therefore, a genuine issue of mate-

rial fact and summary judgment was inappropriate. Had the trial court simply entered summary judgment upon the failure of the appellants to properly respond we would still have had to reverse. However, the trial court dealt with the merits of the motion and granted summary judgment as to both counts relying on *Bearry v. Brensing,* 85 S.D. 370, 182 N.W.2d 655 (1970). We will, therefore, examine the merits of the motion.

The facts, so far as developed in the depositions, are that the fire began in a triangular hayfield in which Elmer Briggs and the two employees were operating a windrower, a baler and a bale hauler. When first observed by Elmer, he was about fifty yards from the fire, which then covered several acres. There was no equipment parked or in use in the immediate vicinity of the fire at that time. Kirby Briggs and his crew were working in another area at least one-half mile away.

We must first consider whether summary judgment is an appropriate disposition in this case. There are numerous cases which hold that summary judgment is not usually appropriate in a negligence action. See *Wilson v. Great Northern Ry. Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968); *Miller v. Miller,* 373 Mich. 519, 129 N.W.2d 885 (1964); *Splihte v. Commercial Metals Company,* 13 Misc.2d 74, 178 N.Y.S.2d 540 (1958). The plaintiffs cannot be expected to try their lawsuit by discovery. This is not to say that summary judgment is never appropriate; however, we do not view this to be such a case.

As we noted above, the trial court grounded its decision upon the holding of this court in *Bearry v. Brensing, supra.* With respect to the second count he quoted:

> Our rule is that with the single exception of fires caused by sparks emitted from locomotive engines, res ipsa loquitur does not apply to cases involving damage or

---

1. While the motions as to count two were for judgment on the pleadings, they are treated as motions for summary judgment as provided in SDCL 15-6-12(c); however, as this court has stated in *Olson v. Molko,* 86 S.D. 365, 195 N.W.2d 812 (1972), the trial court must give parties notice of its intention to do so.

injury by fire. *Bearry, supra,* 182 N.W.2d at 656.

With respect to the first count he further quoted:

> Manifestly we are here concerned with only liability for injury caused by a person's want of ordinary care or skill. This is the basis of negligence. The burden is upon the one who seeks to recover because of negligence to prove it. The mere happening of a fire with resultant injury raises no presumption of negligence, either in kindling or management of it. *Bearry, supra,* 182 N.W.2d at 656.

There is no question but what the facts in *Bearry* are on all fours with the instant case. However, we feel that the author of the *Bearry* decision erred in supporting his position by citing *Le Zotte v. Lindquist,* 51 S.D. 97, 212 N.W. 503 (1927), as authority for rejecting the doctrine of res ipsa loquitur in fire cases. This court in *Le Zotte* states:

> "[T]he general rule is that the destruction of property by fire does not raise a presumption of negligence either in the kindling or the management of the fire. . . . " *Le Zotte, supra,* 212 N.W. at 505.

This was an appropriate holding in *Le Zotte* which involved a question of a defective stove, but clearly distinguishable from the Bearry fire. The *Le Zotte* court went on to point out that:

> "The case of fires caused by sparks emitted from locomotive engines is an exception to this rule." *Le Zotte, supra,* 212 N.W. at 505.

As noted, *Le Zotte* was decided in 1927 when the use of horsedrawn harvesting equipment was far more common than power-driven equipment. The present day combustion-engined tractor and combines are more closely akin to the spark-emitting locomotives than they are to defective stoves.

2. *Carroll v. Local No. 269 Int'l. Brotherhood of Electrical Workers,* 133 N.J.Eq. 144, 31 A.2d 223 (1943); *Haynes v. Presbyterian Hospital Ass'n.,* 241 Iowa 1269, 45 N.W.2d 151 (1950);

Therefore, we reluctantly overrule the *Bearry* decision and its application to combustion-engine powered harvest equipment. We say reluctantly, because we are not unmindful of the doctrine of stare decisis. However, that concept is not applicable to outdated rules where times have changed the circumstances.[2]

We also distinguish this case from the Kansas case cited by this court in *Bearry,*[3] which was an action between the owner of the property and a custom operator employed by him. The equities in that case are different inasmuch as the owner of the field, if he was aware of the fire situation, took the same chances as the operator did. That doesn't mean that the owners of adjacent fields, who have no control over whether the operator will work on a particularly dry day or not, should be subjected to the same hazard.

We would further note that if the respondents' evidence should affirmatively show that the Briggs, Elmer and Kirby, were not operating as copartners or in a joint venture, summary judgment may be a possible remedy on behalf of the one who was not present at the immediate scene. However, the appellants' complaint alleged that they were operating as partners and a review of the depositions does not negate this.

We, therefore, reverse the summary judgment in both cases as to both counts, and remand the cases for trial on the merits.

DUNN, C. J., and WOLLMAN and ZASTROW, JJ., concur.

BERNDT, Circuit Judge, dissents.

BERNDT, Circuit Judge, sitting for PORTER, J., disqualified.

BERNDT, Circuit Judge (dissenting).

I must respectfully dissent from the majority opinion.

*Parker v. Port Huron Hospital,* 361 Mich. 1, 105 N.W.2d 1 (1960).

3. *Hill v. Leichliter,* 168 Kan. 85, 211 P.2d 433.

Respondents moved for summary judgment as to Count I, and moved for summary judgment as to Count II, as an alternative to their motion for judgment on the pleadings. This, therefore, is not a case where the trial court treated a motion for judgment on the pleadings as a motion for summary judgment, and no notice as required by SDCL 15–6–12(c) was necessary. We must therefore look at SDCL 15–6–56 to determine if appellants are entitled to relief.

Statutes are to be interpreted so as to fully effectuate their purpose and intent. "The primary purpose of summary judgment procedure is to determine whether there are any triable issues of fact requiring a formal trial on the merits. The procedure provides a speedy method of determining whether there are any disputed and material issues of fact. The remedy of summary judgment is essentially one in the interests of justice, and its object is to obtain judgment forthwith where no triable issue is raised, and thereby to avoid needless trials and delays." 73 Am.Jur.2d, Summary Judgment, Sec. 1, p. 721.

On the trial level, appellants completely ignored the court's instructions to submit briefs, and they also completely ignored the response requirement of SDCL 15–6–56(e), the last two sentences of which read as follows:

"When a motion for summary judgment is made and supported as provided in § 15–6–56, *an adverse party may not rest* upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in § 15–6–56, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis supplied.)

When read in its entirety, SDCL 15–6–56 does not indicate a requirement that a motion for summary judgment must be supported by affidavits. It may be supported by the pleadings, depositions, interrogatories and admissions on file as well. SDCL 15–6–56(c). Respondents incorporated in their motion all of the files and records in this action including, but not limited to, the depositions.

It is understood that movant for summary judgment has the burden of showing that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. This burden was sustained, since the files and records show that no one deposed knew how the fire was ignited; that appellants admitted they were not in a position to know or learn what specific act of negligence on the part of respondents or their agents or employees resulted in the fire; and that there was no evidence of faulty equipment or negligence on the part of respondents whatever. Appellants thereafter were bound by SDCL 15–6–56(e) to respond and affirmatively set forth facts showing that there is a genuine issue for trial. Having failed to do so, summary judgment was appropriate. I am at a loss as to how respondents can be expected to shoulder the burden of showing "that the fire was caused by something other than their negligence," when it is clearly established that no one knows how the fire started.

If appellants wished to contend that there was, in fact, a genuine issue of fact, it was incumbent upon them to comply with SDCL 15–6–56(e) so that the trial court could have considered the issue. Appellants chose to ignore the statute and deliberately bypass the trial court.

Evidentiary matters, as set forth in respondents' motion for summary judgment, and supported by the files and records, must be deemed uncontroverted, and must be taken as true if not contradicted by other opposing affidavits or proof. *Robertson v. New York Life Ins. Co., et al.,* 312 Mich. 92, 19 N.W.2d 498 (1945); *Leszczynski v. Surges,* 30 Wis.2d 534, 141 N.W.2d 261 (1966); *Caraway v. Leathers, et al.,* 58 Wis.2d 321, 206 N.W.2d 193 (1973); *Jones v. Perkins, et al.,* 75 Wis.2d 18, 248 N.W.2d 468 (1977); *Augustine v. Anti-Defamation League of B'Nai B'Rith,* 75 Wis.2d 207, 249 N.W.2d 547 (1977).

"In the limited number of cases in which the question has arisen, the courts have uniformly upheld as constitutional a statute or rule of court requiring the defendant to file an affidavit of defense, and providing for summary judgment on his failure to do so." 69 A.L.R. 1031; 120 A.L.R. 1400.

Appellants contend that the trial court erred in making and entering its order for summary judgment in favor of respondents by failing to find negligence on the part of respondents, and by misinterpreting the applicability of the doctrine of res ipsa loquitur.

An examination of the merits of the motion for summary judgment leads me to conclude that the trial court arrived at the right result; therefore, the fact that it considered the case of *Bearry v. Brensing*, 85 S.D. 370, 182 N.W.2d 655 (1970), which the majority now overrules, should make no difference.

"The decision of the trial court should be affirmed if it is correct, although the lower court relied upon a wrong ground or gave a wrong reason, or the judgment or order complained of contains inaccurate or erroneous declarations of law." 5 Am.Jur.2d, Appeal & Error, Sec. 285, p. 227; *Owens v. City of Beresford*, 87 S.D. 8, 201 N.W.2d 890 (1972).

In *Bearry*, the defendant drove his truck into grain stubble eighteen to twenty-four inches high, and a fire occurred under the truck very soon after he parked it in the tall stubble. The *Bearry* court held that plaintiff did not have the benefit of res ipsa loquitur in establishing negligence, because "Our rule is that with the single exception of fires caused by sparks emitted from locomotive engines, res ipsa loquitur does not apply to cases involving damage or injury by fire." Although I agree that this rule is much too narrow, I submit that the factual situation was far different from ours, and we cannot justify using this case to overrule *Bearry*.

One of the requirements of res ipsa loquitur is that there must have been some negligence on the part of respondents. It is only where the circumstances leave no room for different presumptions or inferences, that the doctrine applies. *Kramer v. Sioux Transit, Inc.*, 85 S.D. 232, 180 N.W.2d 468 (1970).

Here there is not one iota of negligence shown on the part of respondents, and there is much room for different presumptions as to how the fire may have started. Clearly, the trial court was justified in finding no negligence, and did not err by refusing to apply the doctrine of res ipsa loquitur. Although summary judgment should be used with caution in negligence cases, there is nothing to prohibit its use under appropriate circumstances.